In re SAMBO'S RESTAURANT, INC., a California corporation, Debtor.

Mohan S. TUCKER, Plaintiff-Appellant,

v.

SAMBO'S RESTAURANT, INC., Defendant-Appellee.

BAP No. CC–82–1436.
Bankruptcy No. LA81–15593–CA.
Adv. No. LA82–7708–CA.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued Jan. 20, 1983.

Decided March 4, 1983.

Ram Das Singh Khalsa, Los Angeles, Cal., for plaintiff-appellant.

Lana Borsook, Hahn & Cazier, Los Angeles, Cal., for defendant-appellee.

Before KATZ, ABRAHAMS and GEORGE, Bankruptcy Judges.

## OPINION

KATZ, Bankruptcy Judge.

Mohan S. Tucker, appellant herein, filed a complaint for relief from the automatic stay on July 27, 1982. After a trial, the court below denied the relief prayed for. The court's judgment was entered on September 7, 1982. The clerk of court sent a copy of the judgment to both counsel for plaintiff (appellant herein) and defendant (appellee herein).

Appellant filed his notice of appeal on September 23, 1982. On September 27, 1982, appellant submitted an application for an extension of time to file his notice of appeal. The court below, after a hearing, denied the motion on the apparent ground that it lacked jurisdiction over an appeal filed more than 10 days after the entry of the order sought to be appealed. This instant appeal, seeking to overturn the denial of the motion for an extension of time, followed.

In his moving papers below, as well as on this appeal, the appellant claims to be entitled to the extension to file his notice of appeal late because of excusable neglect based on the following facts.

Appellant alleges that he never received notice of the entry of the judgment on September 7, 1982. In addition he alleges that his attorney's secretary called the court on August 31, 1982, and, upon inquiry was informed that the judgment would be entered in "one to two weeks." Upon rechecking with the court on September 16, 1982, the secretary was informed that the judgment had been entered on September 14, 1982. Relying on this information, appellant filed his notice of appeal on September 23, 1982. Upon learning that the judgment had in fact been entered on September 7, 1982, appellant filed his motion for an extension of time on September 27, 1982.

Whether these facts constitute excusable neglect was the issue presented below; the court being under the impression that it could not act once the 10-day appeal time provided by Rule 802(a) of the Rules of Bankruptcy Procedure had run.

We believe the court below misconstrued its jurisdiction and therefore REVERSE and REMAND with instructions to the court to determine whether the facts alleged by appellant constitute excusable neglect sufficient to entitle appellant to file his notice of appeal late.

█ It is true that once an order has become final because no appeal is taken therefrom in a timely manner, appellate courts are without jurisdiction over that matter. *In re LBL Sports Center, Inc.,* 684 F.2d 410, 412 (6th Cir.1982). However, Rule 802(c) of the Rules of Bankruptcy Procedure provides a significant exception to the 10-day appeal period proscribed in Rule 802(a). Rule 802(c) grants a bankruptcy judge discretion to extend the time within which to file a notice of appeal for a period not to exceed 20 days, provided the motion for extension is made *before* the original appeal period expires. However, except as to the orders involving a sale of real property, it also permits the judge to extend the time if a request for such extension is made *after* the original time has run, but only upon a showing by appellant of excusable neglect for not either filing the notice time-

ly or the request for extension timely. The motion for an extension, however, must be filed within the maximum allowable time for taking an appeal, or within 30 days of the entry of the order and must be accompanied by a notice of appeal. Both of those facts are present here.

This circuit, in *In re Magouirk,* 693 F.2d 948 (9th Cir.1982), recently reaffirmed the criteria used to determine the existence of excusable neglect for purposes of permitting a late filed notice of appeal. The court held that excusable neglect may be established upon a showing of (1) that the party failed to learn of the entry of the order or (2) a finding of extraordinary circumstances, where excusing the delay is necessary to avoid injustice. The court also pointed out that the criteria for finding excusable neglect in matters involving appeals is stiffer than the finding necessary to set aside a default at the trial court level.

The present state of the record does not sufficiently reveal the extent to which the bankruptcy court considered the facts or its authority to apply the above-cited criteria in ruling on the appellant's motion for an extension of time. Therefore, without deciding whether or not appellant is entitled to a finding of excusable neglect, we REVERSE and REMAND for proceedings consistent herewith.