In re RESOURCES RECLAMATION
CORPORATION OF
AMERICA, Debtor.

SENTRY FINANCIAL SERVICE
CORP., Appellant,

v.

Claude PITRAT, Trustee of Resources
Reclamation Corporation of
America, Appellee.

BAP No. AZ 83–1029 EAbAs.

Bankruptcy No. B 79–2344–PHX–HMC.

United States Bankruptcy Appellate Panels
of the Ninth Circuit.

Argued May 18, 1983.

Decided Oct. 26, 1983.

Lawrence E. Wilk, Stanley M. Hammerman, P.C., Phoenix, Ariz., for appellant.

Richard M. Lorenzen, O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, Phoenix, Ariz., for appellee.

Before ELLIOTT, ABRAHAMS and ASHLAND, Bankruptcy Judges.

OPINION

ELLIOTT, Bankruptcy Judge:

Sentry Financial Services Corp. appeals an order denying a motion to reconsider an earlier order sustaining the trustee's objection to Sentry's proof of claim. We reverse.

In January 1981, Sentry filed a proof of claim as a secured creditor for $79,470.00 plus interest from August 13, 1980. The proof of claim specified that "[t]his claim is

a general unsecured claim, except to the extent that the security interest described ... is sufficient to satisfy the claim." Sentry obtained possession of part of its collateral and sold it for $22,000.00, leaving Sentry with an unsecured claim of $63,527.50.

On October 22, 1981, the trustee filed separate objections to 57 claims, including Sentry's. Notice of hearing of the trustee's objection was mailed to the Stevens Point, Wisconsin office of Sentry. Sentry made no appearance at the December 1, 1981 hearing, and the trustee's objection was sustained. The order sustaining the objection to Sentry's claim was entered on December 1st and a copy of the minute order was mailed to Sentry on December 16, 1981. The effect of the trial court's order was to disallow Sentry's claim to the extent it was unsecured.

.. On August 11, 1982 Sentry filed its "Motion for Reconsideration of Trustee's Objection to Proof of Claim."

The trial court conducted a hearing on the request to reconsider the disallowance of Sentry's claim on November 17, 1982 and denied the motion without formal findings but stating on the record that Sentry failed to present its unsecured claim timely, "... after sitting on it for eight months." The trial judge was also of the opinion that other creditors would be prejudiced by allowance of Sentry's claim because their prospective dividend would be reduced.

### ISSUES ON APPEAL

1. May a claim that has been once disallowed be reconsidered after the time for appeal has past; and

2. If a previously disallowed claim may be reconsidered, did the trial court abuse its discretion in refusing to reconsider the claim?

### I.

At the outset we are met with an inconsistency between 11 U.S.C. § 502(j) and Bankruptcy Rule 307. Rule 307 provides, in part: "A party in interest may move for reconsideration of an order *allowing or dis-*

*allowing* a claim against the estate ..." (emphasis added).

Section 502(j) provides, in part: "Before a case is closed, a claim that has been *allowed* may be reconsidered for cause, and reallowed or disallowed according to the equities in the case." (emphasis added)

A transition feature of the 1978 Bankruptcy Reform Act, § 405(d), 28 U.S.C. note prec. § 1471, provides that the Bankruptcy Rules shall continue in effect "to the extent not inconsistent with the amendments made by this Act, or with this Act...." Accordingly, the trustee suggests that the adoption of 11 U.S.C. § 502(j) now limits the reconsideration of claims to previously allowed claims. This view is consistent with that of the editors of the *1981 Collier Pamphlet Edition of the Bankruptcy Rules* at page 125.

However, a recent opinion of the Third Circuit has specifically rejected appellee's argument. *Brielle Associates v. Graziano,* 685 F.2d 109 (3rd Cir.1982). There, on facts substantially similar to the instant case, a claim of the debtor's prior law firm was objected to. The creditor did not appear at the hearing and the claim was disallowed. Five months later, the creditor moved for reinstatement of its claim. The bankruptcy court held a hearing on the motion, but declined to reinstate because (1) the creditor was a sophisticated party which received, but did not act upon, notice of the debtor in possession's motion to disallow the claim, and (2) a final plan of reorganization had been established before the creditor moved for reinstatement and distributions had been made to creditors.

In affirming the bankruptcy court, the court in *Brielle Associates* held that the bankruptcy court had authority to reconsider disallowed claims under Bankruptcy Rule 307. The court noted that although the rule was based in part on a section of the former Bankruptcy Act not explicitly carried over in the Code (§ 2a(2) granting jurisdiction to reconsider allowed or disallowed claims), the rule was also based on "the 'ancient and elementary power' of a referee as a court to reconsider any of his

orders." 685 F.2d at 111, citing *In re Pottasch Bros. Co.,* 79 F.2d 613, 616–17 (2 Cir. 1935) ("(w)hy it is desirable that (the referee's) orders, ruat coelum, should be as immutable as the Twelve Tablets, once the ink is dry, we cannot understand... We hold that the referee has the same power over his orders as the District Judge has over his"). Accordingly, the Third Circuit held that because the "ancient and elementary power" to reconsider "remains untouched by the new Bankruptcy Code," and because the court was unaware of any legislative history indicating disapproval of Rule 307, it concluded that the Bankruptcy Court had jurisdiction under Rule 307 to reconsider its own order disallowing the creditor's claim. 685 F.2d at 111–12.

We adopt the rule of *Brielle Associates* and hold that the bankruptcy court has the authority to reconsider a disallowed claim.

## II.

Under what circumstances should a court reconsider a previously disallowed claim? Section 502(j) offers only the standard "for cause." We find additional guidelines in Bankruptcy Rule 924 which specifically refers to reconsideration of a disallowed claim as follows:

> Rule 60 of the Federal Rules of Civil Procedure applies in bankruptcy cases, except that a motion to reopen a case or for the reconsideration of an order allowing or disallowing a claim against the estate entered without contest is not subject to the one-year limitation therein prescribed.

Fed. Rule Civ.Pro. 60(b) provides that the court may relieve a party or his attorney from a final judgment or order for a number of reasons including mistake, excusable neglect, fraud, newly discovered evidence, etc.

The Ninth Circuit has recently stated a liberal rule of excusable neglect, in a case applying Rule 60 to the decision of a bankruptcy court that refused to allow a late filed complaint to determine dischargeability. *In re Magouirk,* 693 F.2d 948 (9th Cir. 1982). There, the court held that where the complaint was 25 days late, the motion to permit late filing was timely in that it was filed within one year of the order of dismissal.

In this case, reading 11 U.S.C. § 502(j), Bankruptcy Rule 307, and Bankruptcy Rule 924 together, the only time limitation on a motion for reconsideration of an order allowing or disallowing a claim is that the motion must be made before the case is closed. The trial judge commented that there was a delay of eight months in filing of Sentry's motion for reconsideration. The passage of time is a factor, but not conclusive standing alone. There was no showing that anyone had relied on the order disallowing Sentry's claim or that anyone would be damaged by allowance of the claim at this late date.

Where no dividends have been paid, the mere fact that allowance of a claim would dilute dividends which would otherwise be paid is not the type of injury that should result in disallowance of the claim. In speaking to the issue of prejudicing unsecured creditors, the court in *Gibraltor Amusements, Ltd.,* 315 F.2d 210 (2nd Cir.1963), stated:

> ... Concededly the assets of the bankrupt are substantial, and no distribution to creditors has yet been made. If appellees succeed on this appeal, the Wurlitzer Companies and other creditors will receive a windfall to which they are not entitled on the merits. If appellees fail, as we think they should, the Bank will receive no more than its fair and proper share pari passu with other unsecured creditors.

In *Magouirk,* at Page 951, the court stated:

> Under Rule 60(b), "excusable neglect" is liberally construed, especially in those instances where the order or judgment forecloses trial on the merits of a claim.

The *Magouirk* court set forth a number of factors to be considered by the trial court which we modify to suit this case: (1)

whether granting the delay will prejudice the debtor or other creditors; (2) the length of the delay and its impact on efficient court administration; (3) whether the delay was beyond the reasonable control of the person whose duty it was to perform; (4) whether the creditor acted in good faith; (5) whether clients should be penalized for their counsel's mistake or neglect; and (6) whether the claimant has a meritorious claim.

The order denying reconsideration of appellant's claim is reversed and remanded for reconsideration of Sentry's claim under the above standards.

REVERSED AND REMANDED.