In re WASHINGTON COUNTY BROAD-
CASTING, INC., Debtor.

Bankruptcy No. 181–00337.
Contested No. C7–40321.

United States Bankruptcy Court,
D. Maine.

May 10, 1984.

Michael L. Rair, Rudman & Winchell, Bangor, Me., Clifton M. Lipman, Staff Atty., Memphis, Tenn., for Media General Broadcast Services, Inc.

Jane Orbeton, Hallowell, Me., Trustee.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Bankruptcy Judge.

The moving party, Media General Broadcast Services, Inc., is the successor to William B. Tanner Co., Inc. ("Tanner"). On February 8, 1982, a proof of claim on behalf of Tanner was filed by Picard, Canale, Caywood, Lucas and Watson, a law firm who then represented Tanner. In May of 1982, Clifton M. Lipman, Esquire, a staff attorney employed by Tanner, undertook representation of Tanner's interests in this bankruptcy case. No notice of this change in counsel was provided to the Court.

The trustee filed an objection to Tanner's claim, notice of which was mailed on or about January 13, 1984, requiring a response by February 13, 1984. Tanner concedes that the notice was properly sent to Picard, Canale, Caywood, Lucas and Watson. Tanner's present counsel, attorney Lipman, did not receive the notice until February 29, 1984. Because no timely response was filed, the Court entered an order sustaining the trustee's objection on February 22, 1984.

On March 16, 1984, Tanner moved for reconsideration of the order disallowing its claim pursuant to Bankruptcy Rule 3008. Tanner alleges that because it received notices from the Court on a regular basis at its corporate address,[1] it (and attorney Lipman) failed to realize that notice of the change in counsel had not been given to the Court.

Despite the absence of explicit authority in 11 U.S.C. § 502(j), the Court holds that it has the authority to reconsider

---

1. The debtor listed William B. Tanner Co., Inc. in its schedules with that address. Thus, any notices sent to all creditors would have been sent to Tanner at its corporate address.

a *disallowed* claim. See *Brielle Associates v. Graziano*, 685 F.2d 109, 111–112 (3d Cir.1982); *Sentry Financial Service Corp. v. Pitrat (In re Resources Reclamation Corp. of America)*, 34 B.R. 771, 772–73, 11 B.C.D. 347, 348 (Bkrtcy.App.Ariz.1983). For the purposes of this opinion, the Court shall assume that the standards of Fed.R. Civ.P. 60(b), as incorporated into Bankruptcy Rule 9024, apply. *See Employment Security Division v. W.F. Hurley, Inc. (In re W.F. Hurley, Inc.)*, 612 F.2d 392, 396 n. 4 (8th Cir.1980); *Sentry Financial Service Corp.*, 34 B.R. at 773, 11 B.C.D. at 348. The applicable standard in this case appears to be whether Tanner has shown "mistake, inadvertance … or excusable neglect." Fed.R.Civ.P. 60(b)(1).

■ The standard of "excusable neglect" is set forth in several Bankruptcy Rules. In addition to its use in cases under Bankruptcy Rule 9024 (incorporating Fed. R.Civ.P. 60(b)), it governs motions (filed after the time period in question has expired) for extensions of time periods ranging from the time within which to file a brief to the time within which to file an appeal. *See* Bankruptcy Rules 8002(c), 9006(b)(1). Obviously, the interests affected by the extension of different types of time periods will themselves greatly differ. The extension of an appeal period involves jurisdictional issues and affects the successful party's and the public's interest in seeing an end come to litigation;[2] permitting a brief to be filed late may affect the efficient administration of the Court, but enhances the Court's ability to render a fair, fully informed and well-considered decision. Because the interests involved differ, neglect which might be excusable for purposes of filing a late brief may be inexcusable for purposes of filing a late appeal. *See Fasson v. Magouirk (In re Magouirk)*, 693 F.2d 948, 950 (9th Cir.1982) ("excusable neglect" is subject to differing interpretations depending upon the procedural context in which it appears).

■ With respect to reconsideration of this claim under Bankruptcy Rule 3008, the Court concludes that a liberal standard of "excusable neglect" is appropriate. The Rules themselves make clear that little weight should be accorded to any party's interest in the finality of an order disallowing a claim. *See* Bankruptcy Rule 3008 (Advisory Committee Note) (reconsideration may be granted even after bankruptcy case has been closed if case is later reopened); Bankruptcy Rule 9024 (motion to reconsider disallowed claim is not subject to the one year limitation prescribed in Fed.R.Civ.P. 60(b)). At least where dividends have not been paid, there is no prejudice to the other creditors in allowing reconsideration; to deny reconsideration of the disallowance of a just claim would result in an undeserved windfall to other creditors. *See Sentry Financial Service Corp.*, 34 B.R. at 773, 11 B.C.D. at 348. Moreover, the order disallowing Tanner's claim is, in essence, a default judgment. As this Court has recently stated, default judgments are not favored in the law. *Golden Ark Enterprises v. Utsick (In re Utsick)*, 37 B.R. 704, 705 (Bkrtcy.D.Me. December 7, 1983).

Turning to the facts in the case, the Court finds that the creditor neglected to inform the Court of its change in counsel, and mistakenly believed that the Court had been informed that *all* notices regarding it should be sent to its corporate address. Because Tanner's corporate address was listed in the debtor's schedules, it has in fact received many notices at that address during the course of these proceedings. Thus, it is at least understandable that Tanner believed that notice of any objection to its claim would be sent there. Upon learning of its mistake, Tanner promptly took steps to correct it. The trustee has failed to allege, and the Court is unable to find, any prejudice to the estate that would result from granting the motion to reconsider. The Court concludes that on the

**2.** *See Rice v. Amerling,* 433 A.2d 388 (Me.1981).

record before it, Tanner has shown mistake, inadvertence or excusable neglect.

Enter Order.