### In re TINNELL TRAFFIC SERVICES, INC., Debtor.

### T. Larry EDMONDSON, Trustee, Plaintiff,

### v.

### BRADFORD–WHITE CORPORATION, Defendant.

**Bankruptcy No. 380–00716.
Adv. No. 382–0165.**

United States Bankruptcy Court,
M.D. Tennessee.

Oct. 3, 1984.

---

## ORDER

GEORGE C. PAINE, II, Bankruptcy Judge.

This matter is before the court on a motion by the defendant, Bradford-White Corporation, to extend the time for filing a notice of appeal pursuant to Rule 8002(c) of the Federal Rules of Bankruptcy Procedure. On consideration of stipulations, briefs of the parties, statement of counsel, and the entire record, this court concludes that the defendant's motion for an extension of time should be DENIED.

On August 7, 1984, 41 B.R. 1018, this court rendered a decision and judgment in this proceeding against the defendant. Twelve days after the time for filing a notice of appeal had expired, the defendant filed a motion seeking additional time. As grounds for its motion, the defendant argued that it had acted in good faith in preparing to appeal this court's decision, but due to an inadvertent mistake on the part of defense counsel, it had missed the deadline. The plaintiff has objected to the granting of an extension of time claiming that the defendant has failed to establish the necessary elements of excusable neglect.

The following shall represent findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

The lead counsel of the defendant both received this court's memorandum decision and decided to appeal it on a Friday, approximately six days before he left on vacation. On Monday, the lead counsel asked another attorney in his firm to take the necessary steps because the associate defense counsel on the case was not a trial specialist. This attorney was selected because he had recently appealed a district court affirmance of a bankruptcy decision in the Eastern District of Tennessee. Because he thought a district court appeal was involved, the attorney marked his calendar to ensure that a notice of appeal would be filed within 30 days instead of within the required 10 days. Seven days after the time for filing a notice of appeal with this court had expired, the attorney pulled the file to take the appropriate action and realized his mistake. He then forthwith prepared the present motion to rectify the situation. This action occurred about the time when lead counsel returned from his vacation.

Pursuant to Rule 8002(c) of the Federal Rules of Bankruptcy Procedure, this court may grant a request to extend the time for filing a notice of appeal made no more than 20 days after the expiration of the time for filing the notice of appeal upon a showing of excusable neglect. Courts have applied both a strict standard and a liberal standard in regard to excusable neglect.

In the case of *Sealy Uptown v. Kelly Lyn Franchise Co., Inc.,* 26 B.R. 441 (Bankr.M.D.Tenn.1983), Judge Lundin defined the strict standard of excusable neglect, as "... the failure to timely perform a duty due to circumstances which were beyond the reasonable control of the per-

son whose duty it was to perform." *Sealy Uptown* at 448 [quoting *Beneficial Finance Co. v. Manning*, 4 Bankr.Ct.Dec. (CRR) 304, 305 (Bankr.D.Conn.1978) ]. The three basic elements to which Judge Lundin looked in applying this definition were:

(1) good faith by the party seeking the extension of time;

(2) a reasonable basis for noncompliance; and

(3) a lack of prejudice to the opposing party.

*Sealy Uptown* at 449. Further, the applicant seeking the extension of time bears the burden of proving each of these elements. *Sealy Uptown* at 449.

Courts applying a liberal standard of excusable neglect have not limited excusable neglect to circumstances beyond the parties' reasonable control. They have considered a broad range of factors such as: (1) whether granting delay will prejudice the debtor, (2) whether the creditor acted in good faith, etc. *Fasson v. Magouirk*, 693 F.2d 948 (9th Cir.1982).

The liberal standard has been followed when a litigant has been denied his day in court due to failure to meet certain deadlines, such as in the late filing of nondischargeability complaint.[1] However, the strict standard of excusable neglect has been uniformly followed when litigants have already tried an issue and are seeking an appeal. *Fasson* at 948; *Headlee v. Ferrous Financial Services (In re Estate of Butler's Tire and Battery Co., Inc.)*, 592 F.2d 1028 (9th Cir.1979); *Ohio Citizens*

*Bank v. Smith*, 38 B.R. 685 (N.D.Ohio 1982); *Mason and Lawrence of Ohio, Inc. v. Digby*, 29 B.R. 658 (Bankr.N.D.Ohio 1983); *In re Snow*, 23 B.R. 655 (Bankr.E.D. Cal.1982).

■ Although the cases do not provide clear guidance for which standard should be used in every situation, they do establish that the strict standard must be used when a party seeks an extension of time to file an appeal under Rule 8002(c). Rule 8002(c) is derived from Rule 4(a) of the Federal Rules of Appellate Procedure. *Headlee* at 1031; *Walker v. Bank of Cadiz (In re LBL Sports Center, Inc.)*, 684 F.2d 410, 412 n. 3 (6th Cir.1982). The advisory committee note points out the derivation of Rule 8002 and specifically states: "[t]his rule is an adaptation of Rule 4(a) F.R.App. P." Under Rule 4(a) the only two situations in which a court should find excusable neglect and allow an extension of time for filing a notice of appeal are: "(1) a finding that the party failed to learn of the entry of judgment, or (2) a finding of extraordinary circumstances, where excusing the delay is necessary to avoid an injustice." *Fasson* at 950; *Headlee* at 1034. *See also Levisa Stone Corp. v. Elkhorn Stone Co., Inc.*, 411 F.2d 1208, 1210 (6th Cir.1969).

■ Applying the strict standard of excusable neglect in the present case, the court cannot hold in favor of the defendant. The defendant failed to timely file a notice of appeal due to the fact that the appeal was assigned to an associate attorney with the defendant's law firm who was unfamil-

---

1. *See Fasson v. Magouirk*, 693 F.2d 948 (9th Cir.1982) (although excusable neglect must be strictly construed in the context of the late filing of a notice of appeal, a more liberal construction is necessary in determining whether to allow the late filing of a nondischargeability complaint); *In re Washington County Broadcasting, Inc.*, 39 B.R. 77 (Bankr.D.Me.1984) (creditor's failure to receive notice of deadline for filing a response to the trustee's objection to its proof of claim was excusable neglect despite creditor's failure to notify court of change of address); *In re Webster*, 22 Bankr. 11 (Bankr.D.Vt.1982) (court found excusable neglect when creditor corporation due to the loss of its counsel timely filed an ineffective nondischargeability complaint); *Federal Deposit Insurance Corp. v. Klay-*

er, 13 B.R. 542 (Bankr.W.D.Ky.1981) (excusable neglect found when creditor filed a nondischargeability complaint two days late due to reliance on a court order which incorrectly stated the deadline); *In re Wallace*, 12 B.R. 938 (Bankr.E.D.Pa.1981) (although creditor filed an objection to a judicial lien within the time prescribed by the court's order, it failed to timely serve the objection on debtor's counsel. The court found excusable neglect due to the fact that the debtor was not prejudiced and the creditor acted in good faith); *Menna v. Murphy*, 1 B.R. 736 (Bankr.S.D.Cal.1979) (excusable neglect found when creditor had timely filed an ineffective nondischargeability complaint and subsequently filed an effective nondischargeability complaint one day late).

iar with the case and who was not made aware of the fact that the decision was rendered by a bankruptcy court. Safeguards by which the four attorneys involved in this case could have avoided such a mistake are too numerous and elementary to recite. While the court was impressed with the good faith with which the attorney proceeded after being assigned the appeal, such action cannot excuse all of the involved attorneys neglect and is no reasonable basis upon which this court can conclude that the failure to file a notice of appeal was beyond the defendant's reasonable control.

Accordingly, the court hereby ORDERS, ADJUDGES and DECREES that the defendant's motion for an extension of time in which to file an appeal is DENIED.

IT IS THEREFORE SO ORDERED.