In re James B. SMITH, SS # 585–28–8593 d/b/a Auto Parts Specialists Trust Company d/b/a Distinctive Auto Repair d/b/a Smithco Trust Co. Fed ID # 85–0230718 State ID # 01–879452–00–1, Debtor.

Bankruptcy No. 11–84–00020 MS.

United States Bankruptcy Court,
D. New Mexico.

Oct. 3, 1984.

Jennie Deden Behles, Albuquerque, N.M., for debtor.

Robert R. Fuentes, Rio Rancho, N.M., for NAPA/Genuine.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court on the motion of the creditor NAPA/General Parts to extend time to appeal the decision of this Court dated June 19, 1984, and the motion of the debtor to strike the appeal. The question for the Court is whether the actions of the creditor in filing the appeal one day late, constituted excusable neglect which would thus allow them to file their notice of appeal.

The evidence and testimony at the hearing showed that the creditor received notice of the decision of this Court which was filed on June 19, 1984. This Order stated that NAPA must continue its business relations with the debtor by acting as the supplier for Auto Parts Specialist Trust Company or it would be in violation of the automatic stay. According to NAPA, a copy of said decision was sent to NAPA/Genuine Parts' general headquarters in Atlanta, Georgia. Authorization by the general headquarters to appeal the decision of the Bankruptcy Court was not received by NAPA's local counsel until June 29, 1984, the tenth day after the filing of the decision. The appeal was filed the following Monday morning along with a motion to extend the time to file the appeal. NAPA argues that there would be no undue prejudice to the debtor as a result of an extension of time for the appeal, and, since they were within the twenty day extension time period permitted under the Bankruptcy Rule 8002(c), that they should be allowed to file their appeal late.

According to Bankruptcy Rule 8002(c), the Bankruptcy Court may extend the time for filing the notice of appeal by any party for a period not to exceed twenty days from the expiration of the time otherwise prescribed by this rule. A request to extend the time for filing a notice of appeal must be made before the time for filing a notice of appeal has expired, except that *a request made no more than twenty days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect if the judgment or order appealed from does not authorize the sale of any property or the obtaining of credit or the incurring of debt under Section 364 of the Code, or is not a judgment or order approving a disclosure statement, confirming a plan, dismissing a case, or converting the case to a case under another chapter of the code.* (emphasis added)

■ According to this rule, there is a two-prong test which must be met in order to allow the extension of time for filing an appeal after the ten day time permitted by Rule 8001 has expired. First, there must be excusable neglect on the part of the attorney, and second, the judgment may not be one which authorizes the sale of property, authorizes the obtaining of credit or the incurring of debt, or is not a judgment or order approving a disclosure statement, confirming a plan, dismissing a case or converting a case.

The underlying opinion in this case, dealt with whether NAPA was in violation of the automatic stay by refusing to do business with James B. Smith after the filing of the debtor's Chapter 11 petition. NAPA sent the debtor a notice of termination as supplier for the debtor's business. Because this does not fall within the exceptions provided under Rule 8002, the second prong of the test has been met. The question now remaining before the Court is whether the attorney's conduct in filing the appeal late constituted excusable neglect under the rules.

■ Excusable neglect may be established upon a showing of (1) that the party

failed to learn of the entry of the order or (2) a finding of extraordinary circumstances where excusing the delay is necessary to avoid injustice. *In re James Kenneth Magouirk,* 693 F.2d 948, 9 BCD 1436 (9th Cir.1982). The creditors admitted that they were aware of the entry of the order. Thus, only if there is a finding of extraordinary circumstances will excusable neglect be found in this case. The criteria for finding excusable neglect in matters involving appeals is stiffer than the finding necessary to set aside a default at the trial court level. *In re Sambo's Restaurant,* 27 B.R. 630, 10 BCD 499 (9th Cir.1983). There are two areas which must be considered in deciding whether there are extraordinary circumstances which would constitute excusable neglect in this case. First, the prejudice to the parties by virtue of the untimely appeal, must be examined and second, the merits of the underlying claim must be taken into consideration.

■ If this Court were to decide that there was excusable neglect on the part of the creditor, no doubt, the debtor in this case would be severely prejudiced. The debtor is attempting a reorganization pursuant to Chapter 11 of the Bankruptcy Code. By this Court's decision that NAPA violated the automatic stay and the termination notices are thus null and void, the debtor has been allowed to remain in business and attempt to reorganize pursuant to the provisions of Chapter 11. The creditor, on the other hand, would not be prejudiced by the finding of this Court that the appeal was untimely. Although they are required to continue doing business with James B. Smith, they are not doing so at a loss. Rather, they are doing so in their regular course of business, and are receiving the same profit that they would receive from any other debtor. As such, the debtor would be highly prejudiced should this Court allow the untimely filing of an appeal, whereas the creditors are not prejudiced at all.

Regarding the merits of the underlying claim, the automatic stay was violated by the creditor. An appeal by the creditor because there was no written contract compelling his continued business with the debtor will only hinder the reorganization.

The Court therefore finds that the appeal and application for extension of time were untimely filed. There were no extraordinary circumstances where excusing the delay would be necessary to avoid the injustice.

Furthermore, the prejudice to the defendant would be great and there is no compelling reason why this Court should allow the untimely appeal.

This memorandum opinion constitutes findings of fact and conclusions of law. Bankruptcy Rule 7052.

An appropriate order shall enter.