**In the Matter of Ercole VOLPE, Debtor.**

**Bankruptcy No. 85–30.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

April 18, 1985.

Cindy L. Turner, Tampa, Fla., for debtor.

S. Thomas Padgett, Tampa, Fla., for movants.

Michael A. Smith, Clearwater, Fla., for Rio Enterprises, Inc.

Chris C. Larimore, Bradenton, Fla., Trustee.

## ORDER ON MOTION TO DISMISS CHAPTER 13 PETITION

ALEXANDER L. PASKAY, Chief Bankruptcy Judge.

THIS CAUSE came on for hearing upon a Motion to Dismiss Chapter 13 Petition filed by Donato Ranieri, Maria Ranieri and the First National Bank of Clearwater, holders of a second mortgage on a hotel known as Rio Motel. The Movants seek the entry of an order dismissing the above-styled Chapter 13 case based on the contentions that (1) the Debtor's Chapter 13 Petition is barred by 11 U.S.C. § 109(f)(1); (2) that the Debtor is ineligible to file a Chapter 13 inasmuch as his total secured debt exceeds the statutory limit of $350,000 and (3) that the petition was filed in bad faith because the Debtor seeks to modify the mortgages on his principle residence and the Debtor's actions throughout the proceedings have resulted in unreasonable delay which is prejudicial to creditors.

The Court heard argument of counsel, considered the record and finds as follows:

On November 1, 1983, the Debtor filed a Voluntary Petition for Relief pursuant to Chapter 11 of the Bankruptcy Code. On the same day, the Circuit Court for the Sixth Judicial Circuit in and for Pinellas County, Florida entered a summary judgment of foreclosure in a case styled Donato Ranieri, Maria Ranieri and First National Bank of Clearwater v. Theodorus Borsje, Susan Borsje, Franciscus Borsje, Ercole Volpe and Rosa Volpe.

On December 7, 1983, the second mortgage holders filed a Motion to Dismiss the Chapter 11 based on the allegation that at the time of the Chapter 11 filing, the Debtor held a third mortgage on the property; the property was in the possession of a state court receiver and the Debtor had no right, title or interest in the property or right to possession or use of the same. On February 9, 1984, this Court entered an order and dismissed the Chapter 11 case finding that the case was not filed in good faith. The Court stated in pertinent part:

... In this case, the Court is of the opinion that the Petition filed by the Debtor on November 1, 1983, was not filed in good faith, but was merely an attempt to invoke the protections of the Bankruptcy laws for impermissible. purposes. Clearly, it was not the intention of Congress to permit a debtor to reorganize a business in which he holds no ownership interest ...

The Debtor timely filed a Motion for Rehearing and on March 29, 1984, the Court denied the Motion. Thereafter, on April 9, 1984, the Debtor filed a Notice of Appeal to the United States District Court for the Middle District of Florida, and a Motion for Stay Pending Appeal. On April 23, 1984, this Court granted the Motion for Stay Pending Appeal on the conditions that the Debtor pay regular monthly payments to the first and second mortgagees, and that the Debtor obtain and maintain casualty insurance on the premises for the benefit of the mortgagees.

On June 25, 1984, the second mortgagees filed a Motion to Dismiss the Appeal, or in the alternative, to immediately transmit the record to the District Court for disposition. The Motion was based on the Debtor's alleged failure to comply with certain Bankruptcy Rules (8006 and 8007) by failing to file with the Clerk of the Bankruptcy Court a written request to the Court Reporter for

transcripts designated as part of the Record on Appeal. On September 1, 1984, the Record on Appeal (absent the transcripts) was transmitted to the United States District Court. On October 29, 1984, the Appeal was dismissed by Order of the District Court for the appellant's failure to file a brief and failure to respond to the Motion to Dismiss.

Upon the dismissal of the appeal, the second mortgagees scheduled a hearing in the Circuit Court for the purpose of obtaining a foreclosure sale date apparently pursuant to the Summary Judgment of Foreclosure which was entered on November 1, 1983. The hearing was scheduled for January 8, 1985, however, on January 7, 1985, the Debtor filed the instant Chapter 13 case. It should be noted that on April 5, 1984, Theodorus Borsje and Susan Borsje, the record title holders of the property at the time the Chapter 11 was filed, executed a quit claim deed for the subject property in favor of Ercole Volpe. On January 4, 1985, the quit claim deed was recorded in the public records of Pinellas County.

In opposition to the Motion to Dismiss Chapter 13 case, the Debtor contends that the original Chapter 11 was dismissed solely because he had no interest in the hotel, but that he is now the record title holder of the subject property and is, therefore, eligible to seek protection under the Bankruptcy laws. In addition, he asserts that even if he is ineligible for relief under Chapter 13, he should be permitted to convert the case to one under Chapter 11 because (1) he now owns and operates a viable motel business; (2) the first and second mortgagees are receiving regular contractual payments pursuant to this Court's Order on Stay Pending Appeal and are, therefore, adequately protected; and, that the Debtor is capable of effecting a successful reorganization. Finally, the Debtor contends that the Record on Appeal was prematurely transmitted to the District Court due to the fact that the Debtor was unable to procure from the Court reporter relevant trial transcripts designated as part of the Record on Appeal.

The first question is whether, as the Movants suggest, this Debtor is precluded from proceeding under *any* Chapter of the Bankruptcy Code by virtue of 11 U.S.C. § 109(f). Section 109(f)(1) prohibits a Debtor from refiling a case for a period of 180 days when a previous petition was dismissed either for failure to properly prosecute a case or for willful failure to abide by Court orders. It is the opinion of this Court that § 109(f)(1) is inapplicable to the case at bar for two reasons. First, there is no showing in this record that the Debtor willfully failed to abide by Court orders or failed to properly prosecute his case. In fact, the Court dismissed the Chapter 11 because the Debtor had no interest in the property, a circumstance which no longer exists. While it may be suggested that the Debtor failed to properly prosecute his appeal, this was not the reason for the dismissal of the case.

More importantly, however, the Court is satisfied that the mortgagees' reliance on § 109(f)(1) is misplaced because § 109(f) was added to the Bankruptcy Code by virtue of the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. 98–353 which was enacted on July 10, 1984. Pursuant to § 553(a) of Pub.L. 98–353, July 10, 1984, 98 Stat. 333, this Amendment applies only to cases filed 90 days after the enactment of the Act, i.e. October 9, 1984. Thus, § 109(f)(1) is inapplicable to the Debtor's Chapter 11, a case filed on November 1, 1983.

Having determined that § 109(f)(1) does not preclude a second filing, the Court must consider whether this Debtor is eligible to proceed under Chapter 13 of the Code. Section 109(e) provides in pertinent part:

> Only an individual with regular income that owes, on the date of filing of the petition ... noncontingent, liquidated, secured debts of less than $350,000 ... may be a debtor under Chapter 13 of this title.

11 U.S.C. § 109(e). In this case, the record is clear, despite the Debtor's schedules, that the secured debt on the date of filing

far exceeded the statutory limit. Thus, the Court is satisfied that this Debtor is not entitled to relief under Chapter 13.

■ This leaves for consideration whether this Debtor should be permitted to convert the Chapter 13 case to one under Chapter 11, or whether the Chapter 13 case should be dismissed for lack of good faith. Based on the entire record, the Court finds that it is proper to permit this Debtor to attempt a reorganization under Chapter 11.

As noted earlier, the Debtor now owns and operates the motel and the first and second mortgages are being serviced. Thus, the Court is satisfied that the Movants are adequately protected and the Debtor should be permitted to proceed to achieve confirmation. It must be pointed out that a Chapter 13 confirmation hearing was conducted in this matter on April 17, 1985, at which time the Court announced that this case would be converted to one under Chapter 7. This Order is intended to supercede the Court's oral ruling on April 17, 1985. Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion to Dismiss filed by Donato Ranieri, Maria Ranieri and First National Bank of Clearwater be, and the same hereby is, denied. It is further

ORDERED, ADJUDGED AND DE-CREED that the Debtor, Ercole Volpe d/b/a Rio Motel be, and the same hereby is, granted leave to convert the above-styled Chapter 13 case to a case under Chapter 11.