**In re F/S COMMUNICATIONS
CORP., Debtor.**

**Bankruptcy No. 81–04691A.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

April 17, 1986.

Margaret H. Murphy, Smith, Gambrell & Russell, Atlanta, Ga., for TIE/Communications, Inc.

Edward L. Greenblatt, Lipshutz, Frankel, Greenblatt, King & Cohen, Atlanta, Ga., for F/S Communications Corp.

### ORDER

W. HOMER DRAKE, Bankruptcy Judge.

This case is now before the Court on a Motion filed on April 30, 1985 by TIE Communications Corp. ("TIE") to Amend or

Vacate the Order entered on February 7, 1985 by Bankruptcy Judge Norton.[1] A response to the motion was filed on May 13, 1985 by the debtor in possession, F/S Communications Corp. ("F/S").

## FINDINGS OF FACT

In the Order of February 7, 1985, the Court disallowed TIE's claim for $145,-548.32. TIE had filed its claim on January 18, 1982. F/S subsequently responded by filing an objection to the claim on December 5, 1984. In an Order and Notice also filed on December 5, 1984, each creditor holding a claim objected to by F/S was directed to file a written answer and response by January 10, 1985 and a hearing on the objection was set for February 4, 1985. Copies of both the objection and the Order and Notice were mailed to and received by TIE.

Unfortunately, TIE failed to comprehend the significance of these documents and did not respond to the objection or appear at the hearing. As a result, TIE's claim was disallowed in the Order entered on February 7, 1985. Pursuant to an Order entered on April 2, 1985, F/S disbursed dividend checks on April 18, 1985 to the holders of allowed claims. F/S then submitted its report on the disbursement dated April 25, 1985 and filed April 30, 1985.

## CONCLUSIONS OF LAW

11 U.S.C. § 502(j), as amended by the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, § 445(f), 98 Stat. 333, 374 (1984) [hereinafter cited as BAFJA], provides that "[a] claim that has been allowed or disallowed may be reconsidered for cause." This amended version of 11 U.S.C. § 502(j) is applicable only to cases filed on or after October 9, 1984. BAFJA, § 553, 98 Stat. at 392; *Union Bank & Trust Co. v. Baker (In re Tressler)*, 771 F.2d 791, 792 n. 1 (3d Cir.1985); *Cassidy v. Minihan*, 52 B.R. 947, 951 n. 8 (W.D.Mo.1985); *Ramsey County Community Human Services v. Antikainen (In re Antikainen)*, 48 B.R.

630, 631 (Bankr.D.Minn.1985); *In re Volpe*, 48 B.R. 255, 257 (Bankr.M.D.Fla.1985); *see also Baldwin-United Corp. v. Adams (In re Baldwin-United Corp.*, 52 B.R. 539, 540 n. 2 (Bankr.S.D.Ohio 1985) ("cases filed after October 10, 1984"). Since F/S filed its petition for relief under Chapter 11 of the Bankruptcy Code on November 4, 1981, the Court must apply 11 U.S.C. § 502(j) as it existed prior to BAFJA. That version of § 502(j) provides that "a claim that has been allowed may be reconsidered for cause."

Although this version does not provide for the reconsideration of disallowed claims, the Bankruptcy Court may still reconsider the disallowance of a claim by virtue of the Bankruptcy Court's "ancient and elementary power" to reconsider its own orders. *Brielle Associates v. Graziano*, 685 F.2d 109, 111 (3d Cir.1982) (quoting *In re Pottasch Bros. Co.*, 79 F.2d 613, 616 (2d Cir.1935) ); *Sentry Financial Service Corp. v. Pitrat (In re Resources Reclamation Corp. of America )*, 34 B.R. 771, 773 (Bankr. 9th Cir.1983); *In re Miles*, 39 B.R. 494, 496 (Bankr.W.D.N.Y.1984); *In re Washington County Broadcasting, Inc.*, 39 B.R. 77, 79 (Bankr.D.Me.1984). In this regard, Bankr.R. 3008 provides that "[a] party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate." In deciding whether to reconsider a disallowed claim under Bankr.R. 3008, courts apply the standards for relief from a judgment or order set forth in Fed.R.Civ.P. 60(b), incorporated by reference in Bankr.R. 9024. *Resources Reclamation Corp.*, 34 B.R. at 773; *Miles*, 39 B.R. at 497; *Washington County*, 39 B.R. at 79; *see also Employment Security Division v. W.F. Hurley, Inc. (In re W.F. Hurley, Inc.)*, 612 F.2d 392, 396 (8th Cir. 1980) (decided under former Bankr. R. 307). Under Fed.R.Civ.P. 60(b), "the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mis-

---

**1.** After Judge Norton left the bench in 1985, this case was assigned to the undersigned.

take, inadvertence, surprise, or excusable neglect...."

" '[E]xcusable neglect' is subject to differing interpretations, depending upon the procedural context in which it appears." *Fasson v. Magouirk (In re Magouirk)*, 693 F.2d 948, 950 (9th Cir.1982); *Washington County*, 39 B.R. at 79. In the context of a motion to allow a party to file a late proof of claim, the "excusable neglect" standard in Bankr.R. 9006(b) requires the party to "show that 'the failure to timely perform a duty was due to circumstances which were beyond the reasonable control of the person whose duty it was to perform.' " *Biscayne 21 Condominium Association, Inc. v. South Atlantic Financial Corp. (In re South Atlantic Financial Corp.)*, 767 F.2d 814, 817 (11th Cir.1985) (quoting *In re Gem Rail Corp.*, 12 B.R. 929, 931 (Bankr.E.D. Pa.1981)). In *South Atlantic*, the Court expressly held that excusable neglect in this context does not depend on the prejudicial effect of allowing the movant to file a late proof of claim. *Id.* at 818.

A strict standard of excusable neglect also applies to motions to extend the time for filing an appeal under Bankr.R. 8002(c), when the motion is filed more than ten days after the entry of the order from which appeal is sought. *Tucker v. Sambo's Restaurant, Inc. (In re Sambo's Restaurant, Inc.)*, 27 B.R. 630, 632 (Bankr. 9th Cir.1983); *In re Smith*, 44 B.R. 46, 48 (Bankr.D.N.M.1984); *Edmondson v. Bradford-White Corp. (In re Tinnell Traffic Services, Inc.)*, 43 B.R. 280, 282 (Bankr.M. D.Tenn.1984). In this context "excusable neglect may be established upon a showing of (1) that the party failed to learn of the entry of the order or (2) a finding of extraordinary circumstances, where excusing the delay is necessary to avoid injustice." *Sambo's Restaurant*, 27 B.R. at 632; *Smith*, 44 B.R. at 47–48; *Edmondson*, 43 B.R. at 282. While the Court in *Edmondson*, 43 B.R. at 282, declined to consider additional "factors such as: (1) whether granting delay will prejudice the debtor, (2) whether the creditor acted in good faith, etc.," the Court in *Smith*, 44 B.R. at 48, expressly held as follows:

There are two areas which must be considered in deciding whether there are extraordinary circumstances which would constitute excusable neglect in this case. First, the prejudice to the parties by virtue of the untimely appeal, must be examined and second, the merits of the underlying claim must be taken into consideration.

The Courts are similarly inconsistent in articulating the standard of excusable neglect applicable to a motion for permission to file a late complaint objecting to the dischargeability of a debt. In *Magouirk*, 693 F.2d at 951 (decided under former Bankr.R. 404 and 409), the Court of Appeals for the Ninth Circuit held that in this context courts should not apply the strict standard of excusable neglect that is required for late motions to extend the time for filing a notice of appeal under Bankr.R. 8002(c). Instead, the Court advocated a liberal standard encompassing

a broad range of factors: (1) whether granting the delay will prejudice the debtor, (2) the length of the delay and its impact on efficient court administration, (3) whether the delay was beyond the reasonable control of the person whose duty it was to perform, (4) whether the creditor acted in good faith, and (5) whether clients should be penalized for their counsel's mistake or neglect.

*Id.* The Courts in other circuits differ on the issue of whether the additional factors set out in *Magouirk* should be considered. *See Ware Co-operative Bank v. Smith (In re Smith)*, 42 B.R. 927, 930 (Bankr.D. Mass.1984). As the Bankruptcy Court in *Ware, id.,* observed, the issue has become moot, because Bankr.R. 4007(c) (applicable to cases pending on August 1, 1983) provides that motions to extend the time to file a complaint objecting to the dischargeability of a debt may only be filed prior to the expiration of the time for filing such complaints. *See also In re Maher*, 51 B.R. 848, 851–852 (Bankr.N.D.Iowa 1985).

In ruling on motions to reconsider the disallowance of a claim, two Courts have

considered the factors listed in *Magouirk. Sentry,* 34 B.R. at 773–774; *Washington County,* 39 B.R. at 79. The Bankruptcy Appellate Panel for the Ninth Circuit in *Sentry* restated the list of factors as follows:

> (1) whether granting the delay will prejudice the debtor or other creditors; (2) the length of the delay and its impact on efficient court administration; (3) whether the delay was beyond the reasonable control of the person whose duty it was to perform; (4) whether the creditor acted in good faith; (5) whether clients should be penalized for their counsel's mistake or neglect; and (6) whether the claimant has a meritorious claim.

*Sentry,* 34 B.R. at 773–774. Although the sixth factor was not literally included in the list of factors specified in *Magouirk,* there is authority for including it. *See Golden Ark Enterprises v. Utsick (In re Utsick),* 37 B.R. 704 (Bankr.D.Me.1983). In a later decision, the Bankruptcy Court in *Washington County,* 39 B.R. at 79, assumed with little discussion that the liberal standard articulated in *Sentry* applies in motions to reconsider disallowed claims.

The Court in *Washington County* found that there would be no prejudice to other creditors in allowing reconsideration, because no dividends had been paid. *Id.* The Court then found that the movant had not received timely notice of the objection to its claim due to a misunderstanding resulting from a change in counsel. *Id.* After making these findings, the Court ruled that the movant had "shown mistake, inadvertence or excusable neglect." *Id.* at 80.

In view of the split of authority surrounding the adoption of the liberal standard of excusable neglect set out in the Ninth Circuit's opinion in *Magouirk,* this Court is not inclined to assume automatically that the standard applies in a motion to reconsider the disallowance of a claim. The Court does not find it necessary, however, to decide whether to apply a strict standard or liberal one in the case presently under consideration. As explained in more detail below, the Court concludes that TIE's motion for reconsideration should not be granted, even under the liberal standard articulated in *Sentry.*

F/S objected to TIE's claim on December 5, 1984, and a hearing was held on February 4, 1985. The Court then entered the Order disallowing TIE's claim on February 7, 1985. Pursuant to an Order entered on April 2, 1985, dividend checks were disbursed on April 18, 1985, followed by the debtor's report on the disbursement of the dividends dated April 25, 1985 and filed April 30, 1985. TIE's motion to reconsider was not filed until April 30, 1985. Since the disbursement of dividends and F/S' report both occurred prior to the filing of TIE's motion, the Court finds that the delay in the reconsideration of the February 7, 1985 Order will prejudice F/S and any remaining creditors. The Court also finds that reconsideration would hinder the efficient administration of the estate.

■ TIE argues that its failure to respond to the objection to its claim is excusable because "[n]otice of [F/S'] objection, sent by mail, was inconspicuous among the large volume of correspondence received by TIE as a member of the Creditor's [sic] Committee." Brief in Support of Motion to Vacate or Amend Order Disallowing Claim, filed by TIE on April 30, 1985, at 8. TIE further argues that its legal department lacked expertise in bankruptcy law and relied on counsel for the creditors' committee to point out significant developments. *Id.* Since TIE has advanced no reason for its reliance on counsel for the creditors' committee, the Court finds the argument to be unavailing. The Court is similarly unreceptive to TIE's argument that its failure to read the notice of the objection to its claim can be excused based on its legal department's lack of expertise in bankruptcy law. Given that TIE had filed a claim for $145,548.32, it is not unreasonable to expect TIE's legal department to read the notices received in the case or retain outside counsel to do so. In any event, the delay in filing the motion to reconsider was not beyond TIE's reasonable control.

With respect to the fourth factor listed in *Sentry,* the Court has no reason to doubt TIE's good faith. The fifth factor cited in *Sentry* is whether TIE should be penalized for counsel's mistake or neglect. Since the mistake or neglect in this case was made by TIE itself, this factor weighs against reconsideration.

The last factor to be considered is whether TIE has a meritorious claim. Since TIE failed to appear at the hearing on February 4, 1985, the Court has not had the opportunity to properly consider the validity of the arguments made by TIE and F/S. Based on the arguments and evidence presented in connection with this motion, the Court is not prepared to find that either parties' arguments are without merit.

After considering the six factors listed in *Sentry,* 34 B.R. at 773–774, the Court finds that TIE has not shown that its failure to appear at the hearing on February 4, 1985 was the result of "mistake, inadvertence, surprise or excusable neglect." It follows that TIE has also failed to satisfy any of the stricter standards of excusable neglect.

Accordingly, it is ORDERED that TIE's Motion to Amend or Vacate the Order entered on February 7, 1985 is DENIED.