904 F.2d 709
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re Winston E. WILLIS, Debtor.
Winston E. WILLIS, Plaintiff-Appellant,
v.
Marvin A. SICHERMAN, Interim Trustee, Defendant-Appellee.
 No. 89-3482.
 United States Court of Appeals, Sixth Circuit.
 June 11, 1990.
 
 Before* BOYCE F. MARTIN, Jr., Circuit Judge, and JOHN FEIKENS, Senior District Judge.**
 PER CURIAM.
 
 
 1
 Plaintiff-Appellant appeals the District Court's dismissal of his appeal from the Bankruptcy Court's Order converting a Chapter 11 proceeding to a Chapter 7 proceeding. The sole issue is whether the District Court erred in dismissing Plaintiff-Appellant's appeal from the Bankruptcy Court's Order because of its untimely filing.
 
 Background
 
 2
 Plaintiff-Appellant brought a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on February 12, 1986. Because no action was taken by Plaintiff-Appellant for over two years to submit a proposed Plan of Reorganization, the Bankruptcy Court ordered Plaintiff-Appellant to appear on October 7, 1988, to show cause why the Chapter 11 case should not be converted or dismissed.
 
 
 3
 Plaintiff-Appellant appeared at and participated in the hearing, but claimed he was unprepared because he only received notice the previous day. The Bankruptcy Court ordered conversion verbally at the October 7, 1988 hearing, and the Order was entered on October 12, 1988. Plaintiff-Appellant stated that he did not receive notice of the Order until October 30, 1988. Apparently, it was sent to his previous address and forwarded by the postal service to his present address. At the hearing Plaintiff-Appellant advised the Bankruptcy Judge of his new address, but he failed to advise the Court Clerk.
 
 
 4
 On October 31, 1988, Plaintiff-Appellant filed a notice of appeal to the District Court regarding the Bankruptcy Court's Order of Dismissal. The Interim Trustee filed a Motion to Dismiss the Appeal on February 3, 1989, as being untimely filed. On April 26, 1989, the District Court denied the motion of the Interim Trustee to dismiss the appeal. On May 4, 1989, the Interim Trustee filed a Motion to Reconsider the Denial of the Motion to Dismiss the Appeal; it was granted on May 17, 1989.
 
 Analysis
 
 5
 Appeal may be taken from bankruptcy court to district court within the time limits provided under Bankruptcy Rule 8002. 28 U.S.C. Sec. 158(c). Rule 8002(a) states that "notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." Rule 9006(a) discusses the appropriate method for computing time limits. It states that the date of the order and legal holidays are not counted, but the date of filing is counted.
 
 
 6
 Applying these rules to the case at hand, Plaintiff-Appellant's notice of appeal was untimely filed. The time period for filing an appeal in this case commenced October 13, 1988, the day after the entry of the order, and expired on October 26, 1988, allowing for four intervening weekend days and no legal holidays. Plaintiff-Appellant did not file an appeal until October 31, 1988.
 
 
 7
 Cases interpreting Rule 8002 hold that it shall be strictly construed and that failure to timely file is a jurisdictional requirement that precludes a district court from reaching the merits. In re LBL Sports Center, Inc., 684 F.2d 410, 412 (6th Cir.1982); Martin v. First National Bank of Massillon, 573 F.2d 958, 959 (6th Cir.1978)[1]; see also In re Universal Minerals, Inc., 755 F.2d 309, 311-312 (3d Cir.1985).
 
 
 8
 Further support for this interpretation is provided by the Advisory Committee Note to Rule 8002. The Note states that Rule 8002 is an adaptation of Rule 4(a) of the Federal Rules of Appellate Procedure. Accordingly, cases interpreting Rule 4(a) may be applied to bankruptcy cases discussing Rule 8002. See, e.g., In re LBL Sports Center, Inc., 684 F.2d at 412 n. 3. This court has held that compliance with rules setting time limits for notice of appeal is mandatory and a jurisdictional prerequisite which an appellate court cannot waive or extend. Jerningham v. Humphreys, 868 F.2d 846, 847 (6th Cir.1989).
 
 
 9
 Plaintiff-Appellant argues that his appeal should be allowed to proceed in District Court because time extensions to file an appeal can be granted if they are based on "excusable neglect" under Rule 8002(c), even if they are made after the ten-day filing period. He states that he did not receive notice of the Bankruptcy Court's Order of Conversion until October 30, 1988, four days after the expiration of the time period to file a notice of appeal. Plaintiff-Appellant cites In re Robintech, Inc., 69 B.R. 663 (BkrtcyN.D.Tex.1987),[2] and In re Smith, 44 B.R. 46 (BkrtcyD.N.M.1984), in support of his position.
 
 
 10
 Plaintiff-Appellant's argument fails on several grounds. First, Rule 8002(c) is inapplicable to the case at hand because it addresses requests for extensions of time to appeal. Plaintiff-Appellant did not request an extension; therefore, the question of excusable neglect was not properly before the District Court. In addition, Rule 8002(c) specifically states that an extension will not be granted if the relevant order converts the case to a case under another chapter of the Bankruptcy Code, as is true here.[3]
 
 
 11
 Plaintiff-Appellant's argument also fails because his lack of notice is the result of his own inaction. Plaintiff-Appellant did not receive the Bankruptcy Court's Order until after the filing period because he did not file an address change with the Bankruptcy Clerk as required under Rule 9009 and Official Form 1. Furthermore, Bankruptcy Rule 9022 provides, inter alia, that "[l]ack of notice of the entry [of an order] does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002." Plaintiff-Appellant's lack of notice of the Bankruptcy Court's Order was appropriately of no consequence to the District Court.
 
 
 12
 Finally, Plaintiff-Appellant could have, but did not, file for an extension. Rule 8002(c). Plaintiff-Appellant received actual knowledge at the hearing on October 7, 1988 that the bankruptcy judge would order conversion. Plaintiff-Appellant, in effect, was on notice from that date forward that he could file a notice of appeal. Actual knowledge in this case satisfied the requirements of due process. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 318, 70 S.Ct. 652, 657, 659, 94 L.Ed. 865 (1950). Plaintiff-Appellant's present predicament is of his own making.
 
 
 13
 Accordingly, for the foregoing reasons, the Order of the District Court to Dismiss is AFFIRMED. IT IS SO ORDERED.
 
 
 
 *
 The Honorable Nathaniel R. Jones was a member of the panel to which this appeal was submitted but did not participate in the disposition of the case
 
 
 **
 Honorable John Feikens, Senior United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Although these two cases interpret former Bankruptcy Rule 802, Rule 8002 is essentially the same. Rule 802 provided that: "The notice of appeal shall be filed with the referee within 10 days of the date of entry of the judgment or order appealed from."
 
 
 [2]
 Matter of Robintech, Inc., 863 F.2d 393, 396 (5th Cir.1989), reversed In re Robintech, Inc., 69 B.R. 663 (BkrtcyN.D.Tex.1987), on the same grounds that Plaintiff-Appellant now asserts to support his position
 
 
 [3]
 In re Smith, 44 B.R. 46 (BkrtcyD.N.M.1984), as cited by Plaintiff-Appellant, is inapplicable because it involves excusable neglect in a non-conversion case, unlike the case at hand which is a conversion case. Furthermore, the court did not find excusable neglect in Smith