OPINION OF THE COURT
JAMES HUNTER, III, Circuit Judge:
The law firm of Kirschenbaum, Shapiro & Marro (“Kirschenbaum,” “creditor”) has appealed from an order of the trial court which affirmed two orders of the Bankruptcy Court. For the reasons which follow, we will affirm.

Factual and Procedural Background

Brielle Associates (“debtor”) filed a petition for reorganization under Chapter 11 of the Bankruptcy Code (11 U.S.C. §§ 1101-1174 (1979)) in June 1980. In its petition, Kirschenbaum was listed as a creditor in the amount of $44.15. In July 1980, Kirschenbaum filed a proof of claim with the Bankruptcy Court in the amount of $25,-044.15. In September 1980, debtor filed a notice of motion objecting to some of the proofs of claim and listing $44.15 as its debt to Kirschenbaum. Debtor’s notice of motion directed all claimants who wished to object to the amount listed in that notice to file written objections by September 22, 1980. A hearing on the objections was held on September 24, 1980.
The creditor did not respond to the notice of motion or appear at the September 24 hearing, and its claim was accordingly listed as $44.15 in written orders dated November 19, 1980. Pursuant to those orders, two distributions of funds were made, on November 21, 1980, and on February 23, 1981.
On March 19, 1981, the bankruptcy court issued a notice of a hearing to be held on April 6,1981 for the purpose of setting the compensation to be paid to the attorneys for the debtor and the creditors’ committee. The bankruptcy court entered an order setting the fees on the same day. On April 13, 1981, Kirschenbaum filed a notice of appeal from the fee order, and the district court affirmed.
Also on April 13, 1981, Kirschenbaum moved in the bankruptcy court for relief from the order setting Kirschenbaum’s claim at $44.15. Kirschenbaum argued that, although it had received the debtor’s notice of motion listing the debt to Kirschenbaum as $44.15, it had misplaced that notice and had not contested the $44.15 amount for that reason.
The bankruptcy court held a hearing on Kirschenbaum’s motion seeking reinstatement of the $25,044.15 claim. The bankruptcy court noted that Kirschenbaum, which at the time of the misplacing of the debtor’s motion had been acting pro se, was a law firm, i.e., a sophisticated party, that Kirschenbaum had received the notice of the debtor’s motion and filed it without looking at it, and that a final plan of reorganization had been established before Kirschenbaum moved to have its claim rein *111 stated. The bankruptcy court then denied Kirschenbaum’s motion to have its claim reconsidered. Kirschenbaum appealed the denial to the district court, which affirmed the bankruptcy court’s order.
Kirschenbaum has appealed to this court the district court’s affirmance of the fee order and of the denial of Kirschenbaum’s motion for reinstatement of its claim.

Discussion

The threshold question in connection with Kirschenbaum’s appeal from the denial of its motion to reinstate its claim for $25,044.15 is whether the bankruptcy court had jurisdiction to reconsider Kirschenbaum’s disallowed claim. Title 11 U.S.C. § 502(j) provides that “[bjefore a case is closed, a claim that has been allowed may be reconsidered for cause, and real-lowed or disallowed according to the equities of the case.” Section 502(j), however, makes no specific mention of the power of a bankruptcy court to reconsider disallowed claims. Nevertheless, Bankruptcy Rule 307 provides:
A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. If the motion is granted, the court may after hearing on notice make such further order as may be appropriate.
The Advisory Committee’s Note to that rule states:
This rule is a substantial revision of § 57(k) of the Act [section 93(k) of this title] and General Order 21(6). Because these provisions have spoken only of the reconsideration of claims that have been allowed, it has sometimes been held that a referee has no jurisdiction to reconsider a disallowed claim, or the amount or priority of an allowed claim, at the instance of the claimant himself. [Citations omitted.] This view disregarded § 2a(2) of the Act [section 11(a)(2) of this title] and the “ancient and elementary power” of a referee as a court to reconsider any of his orders. [Citations omitted.] This rule recognizes the power of the court, including a referee, to reconsider an order of disallowance on appropriate motion.
Thus, Bankruptcy Rule 307 explicitly states that bankruptcy courts may reconsider disallowed claims, and sets forth the bases for that authority.
The question of jurisdiction to reconsider a disallowed claim arises here because section 57(k) of the old Bankruptcy Act (11 U.S.C. § 93(k)) was reenacted in the new Bankruptcy Code at 11 U.S.C. § 502(j), but section 2(a)(2) of the old Act (11 U.S.C. § 11(a)(2)), cited in the Advisory Committee’s Note to Rule 307, was not reenacted as part of the new Code. Despite this, however, Rule 3001(e) of the Suggested Interim Bankruptcy Rules, which were written for use in cases brought under the new Bankruptcy Code, provides that “Bankruptcy Rule 307 applies in Chapter 11 cases.” It is therefore clear that the Advisory Committee on Bankruptcy Rules believed that the power of the bankruptcy court to reconsider claims which had been disallowed had not been eradicated by the new Bankruptcy Code.
We agree with the Advisory Committee. The Advisory Committee’s Note to Rule 307 cites two sources for the power of a bankruptcy court to reconsider disallowed claims, and one of those sources, the “ancient and elementary power” of a bankruptcy court to reconsider any of its orders,[1] *112 remains untouched by the new Bankruptcy Code. Moreover, even though section 2(a)(2) was not reenacted in the new Bankruptcy Code, the parties have not cited us to any statutory language, statements or actions on the part of Congress which would indicate congressional disapproval of the position taken in Bankruptcy Rule 307, which went into effect on October 1, 1973, well before the enactment of the new Bankruptcy Code.
Thus, we conclude that the bankruptcy court had jurisdiction to reconsider its own order disallowing the creditor’s claim and that its decision not to reopen the creditor’s claim was not an abuse of discretion. We have considered the remainder of Kirschenbaum’s contentions, and find them to be without merit.
For the foregoing reasons, the district court’s order affirming the bankruptcy court’s rulings will be affirmed.

. See In re Brendan Reilly Associates, Inc., 372 F.2d 235, 238-39 (2d Cir. 1967), and cases cited therein; In re Pottasch Bros. Co., 79 F.2d 613, 616-17 (2d Cir. 1935). In Pottasch, the court stated:
[I]f a referee is a court at ail, there is no warrant for saying because an appeal lies from his orders, that he has not the ancient and elementary power to reconsider those orders, nor the faintest reason why he should not do so____ Why it is desirable that [bankruptcy referee] orders, ruat coelum, should be as immutable as the Twelve Tables, once the ink is dry, we cannot understand. ... We hold that a referee has the same power over his orders as the District Judge has over his.
In re Jayrose Millinery Co., 93 F.2d 471 (2d Cir. 1937), relied upon by the debtor, is not dispositive here. That case, which is in any event distinguishable on its facts from the case now before us, cited only section 57(k) of the old *112 Bankruptcy Act, and did not mention the “ancient and elementary power to reconsider” orders relied upon by the authors of Rule 307.