**Virginia Arlene SHAW, Plaintiff,**

v.

**Jeanette EASTER, George Ledford, Trustee, Defendants.**

**In the Matter of Virginia Arlene SHAW, Debtor.**

Adv. No. 3–82–0077.
Bankruptcy No. 3–80–00633.

United States Bankruptcy Court, S.D. Ohio, W.D.

Nov. 23, 1982.

Lawrence T. Burick, Dayton, Ohio, for defendant.

George Ledford, Englewood, Ohio, trustee/defendant.

Lloyd Cohen, Dayton, Ohio, for plaintiff/debtor.

### DECISION AND ORDER ON MOTION TO DISMISS BY DEFENDANT

CHARLES A. ANDERSON, Bankruptcy Judge.

This matter has been submitted upon the case record.

Plaintiff, as Debtor, filed a Chapter 13 Petition on 14 March 1979. The Plan contemplated payment to the mortgagee on her residence real estate "outside the Plan

($18,131.03 due)." It further provided, "All unsecured claims, not classified herein, shall be paid 100 percent on the dollar." She scheduled unsecured debts in the amount of only $62.00. The Defendant was not listed.

The Plan was duly confirmed on 6 June 1980 and the Debtor ordered to pay $37.00 per week for not longer than 36 months. An amended Order of Confirmation was entered on 24 November 1980, not changing material details.

On 6 March 1981 George W. Ledford, Chapter 13 Trustee, objected to the allowance of a secured claim (Number 08) filed by Jeanette Easter in the amount of $6,153.80 because it was "Duplication of the claim filed by Lawrence T. Burick [her attorney]. . . ."

On 19 March 1981 Debtor filed an Amended Plan contemplating the sale of her residence real estate and proposing to distribute the proceeds to pay a realtor's commission, additional attorney fees, and payments under the Plan, and the balance refunded to Debtor.

On 1 April 1980, an order was entered that the claim of Jeanette Easter not be allowed, as claim No. 8, but allowed as claim No. 6, by request of the Chapter 13 Trustee. The Clerk's claim register does not explain the terminology used by the Trustee, although apparently all refer to the claim of Jeanette Easter in the amount of $6,153.80 filed on 23 April 1980.

This claim is based upon a judgment against Debtor on 4 December 1975 rendered by the Common Pleas Court of Montgomery County, Ohio, "arising out of assault and battery." The claim states that, "Since no payment has been received since January 31, 1980 Jeanette Easter invokes Paragraph 2 of the Agreement which provides for the right to collect the full amount of the judgment ($8,500.00) plus interest and costs, less any amounts actually paid by Virginia Shaw." Debits are tabulated in the claim in the sum of $1,272.59.

The claim recites that it is filed as "unsecured," although an expense item shown on August 9, 1979, is for court costs in filing a Certificate of Judgment lien.

By Order on 18 April 1981, the Amended Plan was confirmed.

On 30 April 1981 the Trustee filed a Motion to Allow Claims including Claim No. 6 of Jeanette Easter as secured, in the amount of $6,153.80.

On 1 June 1981 an Objection to Allowance of the Easter Claim was filed, reciting: "The Debtor objects to these claims cuase [sic] they are listed twice for the same claim. Further more the amount owed by the Debtor on this account is much less than the $1,653.80 that is listed. That was the amount originally owed and this was paid down over a series of years prior ot [sic] filing of the claim. The Debtor can present further evidence at hearing as to the actual amount of the claim."

On 25 June 1981 on application in behalf of Debtor, by her attorney, the realtor's commission, expenses of sale, and additional attorney's fees were disbursed.

On 29 June 1981 the following "Withdrawal of Objection to Allowance of Claims" was filed in behalf of Debtor by her attorney, as follows:

"Now comes the Debtor, through counsel who hereby withdraws the Objection to Allowance of Claims for Jeanette Easter and for Smith and Schnacke.

The Objection to these two claims were previously submitted, but since then the Trustee has further clarified the situation. Prior to filing the objection, it was impossible to get the Trustee's attention long enough to get the matter clarified. Now that this matter has been resolved, Debtor respectfully withdraws the objections."

On 10 February 1982 the Trustee filed his Final Report and account seeking a Final Decree and release of the Trustee. Jeanette Easter is listed as a secured creditor, showing both an amount allowed and an amount paid as $6,153.80.

On 12 February 1982 Debtor filed a Complaint against Jeanette Easter seeking an order of court "to reconsider the allowance of defendant's claim," that "defendant's

**421**

claim be reduced to the amount of $1,328.96," and the return of $4,824.84 to plaintiff, plus interest and attorney's fees, because of "defendant's misrepresentation."

On 15 March 1982 Defendant filed a motion to dismiss the Complaint for failure to state a claim upon which relief can be granted and for lack of jurisdiction.

## CONCLUSIONS OF LAW AND FACT

■ Defendant urges dismissal because the complaint does not contain a "jurisdictional statement." This branch of the motion to dismiss must be summarily denied as specifically excepted under Rule 708 of the Rules of Bankruptcy Procedure and supercilious in light of the exclusive jurisdiction over all the property, wherever located, of the debtor, as of the commencement of the case. 28 U.S.C. § 1471(e) and 11 U.S.C. § 362.

The crucial question is whether a claim for relief has been alleged or can be construed so as to do substantial justice.

The record does not disclose the source of the $6,153.80 paid to defendant by the Trustee. Apparently it was derived from the proceeds of sale of the real estate. All the Trustee's account reveals, however, is the receipt "by or for the Debtor for benefit of creditors" of $15,611.82. There is no settlement sheet in the record of the total amount received from the sale and of the distribution thereof. The record likewise does not reveal who paid the necessary $6,153.80 to the Trustee and why the Debtor so belatedly questions the Trustee's allowance of the claim. A serious question of laches arises unless Debtor can submit evidence of misrepresentation or fraud by Defendant.

On the other hand, the record is silent on the question of how Defendant could summarily exercise acceleration of a default provision and thereby obtain funds from the Debtor after court jurisdiction had attached to the estate.

■ Obviously, the motion to dismiss activates a comedy of errors, primarily those of the Debtor. The controlling legal principles are routine. The Debtor is required by statute to examine any proof of claim and to cause a timely objection to be made to any improper claim. Bankruptcy Rule 13–307, 11 U.S.C. §§ 1302(b)(1) and 704(4). Otherwise, a proof of claim filed in accordance with 11 U.S.C. § 501 is deemed allowed, and the filing thereof is *prima facie* evidence of the claim. Bankruptcy Rules 301(b), 13–301(b), Interim Rule 3001(b)(5).

■ Before the case has been closed, an allowed claim may be reconsidered for cause. The claim may be reallowed or disallowed by the Court according to the equities of the case. 11 U.S.C. § 502(j). The terms "cause" and "equities of the case" are not defined and this is a matter of judicial construction.

■ It is the opinion of this Court that the movant for reconsideration of the order on allowance of claims bears a burden similar to a party seeking a reconsideration of a final order of the court under Civil Rule 60, such as discovery of a clerical error in the order of allowance; newly discovered evidence which could not have been presented to the court at an earlier date, as contemplated by established judicial procedures and before rights have attached; fraud, misrepresentation or other misconduct of Defendant; or the order is void.

■ The record *sub judice* does not permit a dismissal of the action before evidence is adduced. The Debtor-Movant has, at least, set forth a claim for relief conformably to Civil Rule 8(a)(2) and Bankruptcy Rule 708 and is entitled to an evidentiary hearing.

ORDERED, ADJUDGED AND DECREED, that Defendant's motion to dismiss is denied.