**In re H.K. PORTER COMPANY, INC., Debtor.**

**PROPERTY DAMAGE CLAIMANTS IDENTIFIED ON EXHIBIT "A", Movant,**

v.

**H.K. PORTER COMPANY, INC. and the Official Committee of Unsecured Creditors of H.K. Porter Company, Inc., Respondents.**

**Motion No. NM–1.**
**Bankruptcy No. 91–468PGH.**

United States Bankruptcy Court, W.D. Pennsylvania.

July 7, 1993.

Timothy E. Eble, Charleston, SC, for movant.

Douglas A. Campbell, Pittsburgh, PA, for Official Committee of Unsecured Creditors.

Philip E. Beard, Pittsburgh, PA, for debtor.

Mark Thompson, New York City, for Travelers Ins. Co.

OPINION

WARREN W. BENTZ, Bankruptcy Judge.

*Factual Background*

The Movants are parties who filed asbestos-related property damage claims ("Claims") totalling $8,364,330.27 against H.K. Porter Company, Inc. ("Debtor" or "Porter"). After Porter filed objections to the Claims, the Claims were expunged by default, dismissal or withdrawal. The Movants filed the present Motion to Vacate Default Judgments and to Reinstate Dismissed or Withdrawn Claims ("Motion"). Travelers Insurance Company ("Travelers") objects to the Motion.

The Movants elected not to resist Porter's objections and allowed the entry of orders ("Orders") defaulting, dismissing or withdrawing the Claims. The Movants assert that they elected not to defend their Claims in view of the negligible distribution which might be paid on the Claims from the assets of the Debtor's estate; that they subsequently learned that the Debtor may have insurance coverage available to cover some portion of the Claims; and that it would be inequitable under the circumstances to not reconsider the Orders.

Travelers does not deny that the Movants subsequently learned of potential insurance coverage after allowing the Claims to be expunged. Travelers also does not concede that it has any liability to Porter or the Movants. Travelers asserts that the Motion should be denied because 1) the Movants failed to serve Travelers a copy of the Motion; 2) the Movants failed to designate the real parties in interest as respondents; and 3) failure to show good cause for reconsideration of the Orders or to meet the standards of Fed.R.Civ.P. 60(b).

## Discussion

Travelers' standing to raise an objection to reinstatement of the Claims is not without question in view of their implicit denial of any liability. In any event, Travelers did receive a copy of the Motion and has been given a full opportunity to present its objections.

11 U.S.C. § 502(j) provides that "[a] claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case ..."

Fed.R.Bankr.P. 3008 provides that "[a] party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate ..."

We clearly have authority to reconsider our Orders expunging the Claims, both under § 502(j) and Fed.R.Bankr.P. 3008. In addition, the Bankruptcy Court has the "ancient and elementary power" to reconsider any of its orders. *Brielle Associates v. Graziano*, 685 F.2d 109 (3d Cir. 1982).

In making a determination as to what circumstances must exist to warrant reconsideration of a previously disallowed claim, § 502(j) offers the standard "for cause." Additional guidelines are found in Fed. R.Bankr.P. 9024 which provides:

Rule 60 FR Civ P applies in cases under the Code except that (1) a motion to reopen a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(b) ...

Fed.R.Civ.P. 60(b) provides that the Court may relieve a party from a final judgment or order for various reasons including mistake, inadvertence, surprise, or newly discovered evidence.

In this case, the Movants believed there would be only a negligible distribution on their Claims from the assets of the estate. Based on the available information, the Movants elected to allow their Claims to be expunged. Subsequently, to the surprise of everyone including the Debtor, the Creditors' Committee and the Movants, Debtor's special insurance counsel determined that insurance coverage may exist to cover property damage claims.

In years prior to the Debtor's bankruptcy, it paid premiums for insurance. If insurance for property damage claims does exist, it makes no sense legally or equitably for an insurer to escape insurance coverage for injuries caused by its insured merely because the Movants, without knowledge of the insurance coverage, allowed their Claims to be expunged.

There is no prejudice to the Debtor or other creditors. The Movants agree to limit pursuit of the Debtor to the extent of the insurance coverage bought and paid for by Porter.

We find sufficient cause to reconsider our Orders and to reinstate the Claims. An appropriate Order has been entered.