**In re STANDARD STEEL SECTIONS, INC., Debtor.**

**The COMMITTEE OF UNSECURED CREDITORS, Appellant,**

**v.**

**Francis V. LIANTONIO and Alvin L. Stern, as Co–Trustees, Appellees.**

**96 Civ. 4060 (JSR).**

United States District Court, S.D. New York.

Sept. 20, 1996.

Platzer, Fineberg & Swergold by Steven D. Karlin, New York City, for appellant.

Shaw Licata Parente Esernio & Schwartz by Howard B. Kleinberg, Garden City, NY, for appellees.

### OPINION & ORDER

RAKOFF, District Judge.

The fundamental question raised by this appeal is what legal standard determines whether a committee of unsecured creditors is entitled to appointment of counsel under § 1103(a) of the Bankruptcy Code.

The question arises in connection with the bankruptcy proceedings for Standard Steel

Sections Inc. On June 20, 1995, an involuntary petition for relief was filed against the debtor, Standard Steel, pursuant to Chapter 7 of the Bankruptcy Code, and on July 11, 1995, the case was converted to Chapter 11. Pursuant to 11 U.S.C. § 1104, the Bankruptcy Court (Hon. Adlai S. Hardin, Jr.) appointed Co–Trustees to marshal and liquidate the assets of the estate for distribution to creditors. The Co–Trustees are represented by counsel.

On September 11, 1995, a Committee of Unsecured Creditors (the "Committee") was appointed. Section 1103(a) of the Bankruptcy Code provides that "with the court's approval, [such a] committee may select and authorize the employment by such committee of one or more attorneys ... to represent or perform services for such committee." 11 U.S.C. § 1103(a). Accordingly, on February 26, 1996, the Committee applied to the Bankruptcy Court for approval to retain the law firm of Platzer, Fineberg & Swergold as counsel to the Committee.

On July 18, 1996, the Bankruptcy Court denied the Committee's application, concluding that "the interests of all creditors are satisfactorily represented by the Chapter 11 trustee and his counsel" and that, because the main business of separate Committee counsel would be to contest certain subordination issues with other creditors, "it would be inappropriate to authorize the Committee to retain counsel at the expense of the estate under the circumstances presented here." *In re Standard Steel Sections, Inc.*, 194 B.R. 739, 740 (Bankr.S.D.N.Y.1996) (order denying committee application to retain counsel). The Committee promptly filed this appeal.[1]

At the outset, the Court must determine whether the Bankruptcy Court's order denying appointment of counsel is immediately appealable. With respect to Bankruptcy Court determinations, a district court shall have jurisdiction to hear appeals from "final judgments, orders, and decrees," from certain specified interlocutory orders not here relevant, and, "with leave of the court, from other interlocutory orders and decrees...." 28 U.S.C. § 158(a). Because no leave to appeal has been sought or granted in this matter, nor any final judgment entered, any exercise of jurisdiction by this Court must be premised upon a "final order" by the Bankruptcy Court.

■ While there appears to be no direct precedent as to whether a denial of appointment of counsel under § 1103(a) is a "final" order in terms of § 158(a), "considerations unique to bankruptcy appeals require that courts consider 'finality in a more pragmatic and less technical way in bankruptcy cases than in other situations.'" *Committee of Dalkon Shield Claimants v. A.H. Robins Co.*, 828 F.2d 239, 241 (4th Cir.1987) (quoting *In re Amatex Corp.*, 755 F.2d 1034, 1039 (3d Cir.1985)) (holding an order denying request for trustee appointment immediately appealable). In seeking guidance for such pragmatic application to orders of the kind here presented, the Court finds particularly instructive the standards developed in federal civil cases under the familiar doctrine of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Under that doctrine, a collateral order is appealable if the order involves:

(1) an issue essentially unrelated to the merits of the main dispute, capable of review without disrupting the main trial; (2) a complete resolution of the issue, not one which is "unfinished" or "inconclusive"; (3) a right incapable of vindication on appeal from final judgment; and (4) an important and unsettled question of controlling law, not merely a question of proper exercise of the trial court's discretion.

*In re American Colonial Broadcasting Corp.*, 758 F.2d 794, 803 (1st Cir.1985) (citing *Cohen* ).

Applying the *Cohen* factors to the Bankruptcy Court's order denying appointment of counsel, it is obvious that appointment of counsel is an issue essentially unrelated to the merits of the main bankruptcy dispute, and that a decision to deny such appointment

---

1. Platzer, Fineberg & Swergold, in addition to representing the Committee on this appeal, listed themselves as appellants in this matter. As the Court noted at oral argument, the only party with standing to challenge the Bankruptcy Court decision is the Committee. Accordingly, Platzer, Fineberg & Swergold has been removed from the caption of this matter.

is capable of review at this stage without materially disrupting the ongoing proceedings. It is equally clear that such a decision completely resolves the issue for all practical purposes. Further, the Committee's putative right to appointment of counsel under § 1103(a) is a right virtually incapable of vindication on appeal from the final judgment. Finally, as detailed below, the grant or denial of counsel in this context involves an important and unsettled question of controlling law. Accordingly, the Court concludes that the order here in question is immediately appealable.

■ Turning to the merits, a district court reviews a bankruptcy court's conclusions of law *de novo* and its findings of fact under a clearly erroneous standard. *In re Ngan Gung Restaurant, Inc.*, 195 B.R. 593, 596 (S.D.N.Y.1996). While here the Bankruptcy Court did not expressly articulate the legal test it employed in denying the Committee's application, this Court concludes that the standard is effectively articulated in Rule 2014(a) of the Rules of Bankruptcy Procedure, which provides that "[a]n order approving the employment of attorneys ... pursuant to ... § 1103(a) of the Code shall be made only on application of the ... committee, stating the specific facts showing the necessity for the employment...." Bankr. Rule 2014(a). This is only the beginning of the inquiry, however, because nothing in Rule 2014(a) defines the meaning of "necessity" in this context.

On the one hand, it can be argued that it is nearly always "necessary" for a committee of unsecured creditors to employ counsel to advise and represent their interests in the complex and arcane legal proceedings that attend virtually every bankruptcy. But nothing prevents those creditors from hiring their own counsel for those purposes at their own expense, independently of § 1103(a). Rather, since the real effect of appointment of counsel under § 1103(a) is to render the fees of such counsel eligible for reimbursement from the estate, *see In re Lifschultz Fast Freight, Inc.*, 140 B.R. 482, 485 (Bankr. N.D.Ill.1992), "necessity" must be considered in that context.

On the other hand, the test cannot be that appointment of committee counsel under § 1103(a) must be necessary to maximize the assets of the estate, for that is the role of the bankruptcy trustee. Rather, as the legislative history of § 1103(a) indicates, Congress believed that separate legal representation of disparate and adversarial interests in a bankruptcy was necessary to the fair and efficient distribution of the assets of the estate and therefore ought to be eligible for reimbursement as an estate expense. 5 *Collier on Bankruptcy* ¶ 1103.05, at 1103–17, 18 (15th ed. 1995); *see also In re Lifschultz*, 140 B.R. at 487–88 (holding that "necessary services" includes attorney representation of committee interests that may conflict with those of the trustee).

On this analysis, the test of "necessity" is whether the committee seeking appointment of counsel under § 1103(a) has demonstrated a distinct and potentially conflicting interest in the disposition of the assets of the estate that requires separate legal representation.[2]

■ Here, as the Bankruptcy Court indicated, the Committee seeking appointment had demonstrated a need for separate representation by counsel on the issue of subordination. *In re Standard*, No. 95 B. 21163, at 3–4. As the Bankruptcy Court further noted: "The subordination issue pits two creditor constituencies against each other. The Trusts have purported claims substantially exceeding the aggregate claims of the other unsecured creditors, represented by the Committee." *Id.* While the appellant contends that it also demonstrated need for separate counsel to protect numerous other important interests of the unsecured creditors that the Bankruptcy Court ignored, it is sufficient to note that, even standing alone, the substantial interest of the Committee in protecting its legal position on the subordina-

---

2. Of course, even if such "necessity" is shown, the Bankruptcy Court may disapprove appointment of counsel under § 1103(a) if the proposed counsel is disqualified, *e.g.*, by a conflict of interest. *See* 11 U.S.C. § 1103(b); *cf. In re Heck's Inc.*, 83 B.R. 410, 417 (S.D.W.Va.1988). But the Court may not deny appointment simply because of its belief that such appointment may prove to be a drain on the assets of the estate.

**514**

tion controversy is sufficient to meet the standard of "necessity" set forth by Rule 2014(a).

While the able and conscientious Bankruptcy Court is to be lauded for its concern with preserving the assets of the estate, on the approach this Court adopts that concern did not legally justify rejection of appointment of counsel under § 1103(a). Rather, the appropriate time to address such concern is when the actual request for reimbursement of such fees is before the Court, *see In re Lion Capital Group*, 44 B.R. 684, 686 (Bankr.S.D.N.Y.1984), for it is at that time that the Bankruptcy Court is expressly required to determine whether the legal services that were provided to the committee of unsecured creditors were reasonably necessary in terms of benefit to the overall estate and its orderly disposition. 11 U.S.C. § 330(a)(1). Consideration prior to that time is both inappropriate and premature.

For the aforementioned reasons, the appeal is granted and the Bankruptcy Court is directed to enter an order approving the Committee's application for appointment of counsel under § 1103(a).

Clerk to enter judgment

SO ORDERED.