**In re LOMAS FINANCIAL CORPORATION, Lomas Mortgage USA, Inc., Lomas Information Systems, Inc., and Lomas Administrative Services, Inc., Debtors.**

Bankruptcy No. 95–1235 (PJW).

United States Bankruptcy Court,
D. Delaware.

July 21, 1997.

Neil B. Glassman, Jeffrey M. Schlerf, Bayard, Handelman & Murdoch, P.A., Wilmington, DE, Martin J. Bienenstock, Weil, Gotshal & Manges, L.L.P., New York City, for Nomas Corp. and LMUSA Statutory Creditors' Committee.

Laurie Selber Silverstein, William A. Hazeltine, Potter, Anderson & Corroon, Wilmington, DE, David C.L. Frauman, Cynthia E. Cunningham, Milbank, Tweed, Hadley & McCloy, New York City, for CDC Servicing, Inc.

### MEMORANDUM OPINION

PETER J. WALSH, Bankruptcy Judge.

This is the Court's ruling with respect to CDC Servicing, Inc.'s ("CDC") motion for reconsideration of a December 10, 1996 order (the "Order"), which, *inter alia,* disallowed and expunged a proof of claim filed by CDC against Lomas Mortgage USA, Inc., now known as Nomas Corp. ("Debtor"). CDC argues that Debtor's failure to send its counsel the notice of objection to the CDC claim constitutes cause for reconsideration of the Order. For the reasons stated below, I will grant the motion and vacate the Order to the extent it expunged and disallowed the CDC claim.

### FACTS

The essential facts are not in dispute. Debtor commenced its Chapter 11 case on October 10, 1995. Approximately a month later, on November 15, 1995, a partner (the "partner") of a local law firm filed a Notice of Appearance and Request for Service of Papers on behalf of CDC, the client. In that notice, the partner explicitly requested that notices of any proceeding concerning the client's interest be sent to the partner.[1]

---

1. The Notice of Appearance and Request for Ser- vice of Papers is not a simple Rule 2002(g) no-

On April 1, 1996, the partner, on behalf of CDC, filed a proof of claim. In that proof of claim, the partner again made the request that notices of any proceeding concerning the client's claim be sent to the partner.[2] The CDC claim arose out of a pre-petition contract between Debtor and CDC regarding servicing rights for a substantial portfolio of residential mortgages. The proof of claim was for an undetermined amount.

Debtor's plan of reorganization (the "Plan") was confirmed by this court on October 1, 1996.[3] As a result of pre-confirmation dispositions of most of its assets, Debtor's Plan involves substantial cash distributions to claimants and a substantially reduced in size ongoing enterprise. The Plan also resulted in a change of name of the debtor Lomas Mortgage USA, Inc. to Nomas Corp. Pursuant to the terms of the Plan, a substantial cash distribution was made to creditors in April 1997 and the unresolved determination of the amount of the CDC claim is delaying a second substantial distribution with respect to allowed claims.

To date, Debtor has filed five omnibus objections to claims. Each of these omnibus objections, with one exception, were timely served on both the claimants whose claims were sought to be disallowed and all parties requesting notices pursuant to Rules 2002(g) and 9010(b), including CDC's counsel.[4] However, the Third Omnibus Objection to Claims (the "Objection"), which was filed on November 7, 1996 and sought to expunge, based on various grounds, more than 500 claims, including that of CDC, was served only on the claimants. (Doc. # 1487) The Objection was scheduled for hearing on December 10, 1996. Due to an admitted "oversight" by Debtor's local counsel, no service of the Objection was ever effected on the parties who had requested notices pursuant to Rules 2002(g) and 9010(b), including the partner.[5] (May 19, 1997 Tr. 125)

---

tice. It is much broader than that. In pertinent part, it states as follows:

> PLEASE TAKE NOTICE that the firm listed below hereby appears as counsel for CDC Servicing, Inc. ("CDC") a creditor and party in interest under Section 1109(b) of the Bankruptcy Code, 11 U.S.C. § 1109(b), and *pursuant to Bankruptcy Rules 2002 and 9010 request that all notices given or required to be given, and all papers served or required to be served, in these cases be given to and served on:*
> Laurie Selber Silverstein, Esquire
> Potter Anderson & Corroon
> 350 Delaware Trust Building
> P.O. Box 951
> Wilmington, Delaware 19801
> (302) 658–6771
> *PLEASE TAKE FURTHER NOTICE that this request* includes not only the notices and papers referred to in the Bankruptcy Rules specified above, but *also includes ... all orders and notices of any application, motion, petition, pleading, request, complaint ... that (1) affects or seeks to affect in any way rights or interest of ... CDC with respect to (a) the debtor, (b) property of the debtor's estate ....*

(Doc. #163) (underscore added)

2. The proof of claim, in pertinent part, provides as follows:

> Name and Address Where Notices Should be Sent:
> Mr. Donald Brownstein
> CDC Servicing, Inc.
> 9 W. 57th Street, 36th Floor
> New York, New York 10019
> with a copy to

> Laurie Selber Silverstein
> Potter Anderson & Corroon
> 350 Delaware Trust Building
> 902 Market Street
> Wilmington, Delaware 19801
> (302) 984–6000

(Doc. # 1486, Ex. A)

3. It is worth noting that the Plan was confirmed before Debtor moved to expunge the CDC claim.

4. The first two omnibus objections to claims were filed prior to the confirmation of the Plan. (Doc. # # 625, 671) The record shows that Debtor's servicing agent sent copies of the objections to the claimants. (Doc. # # 626, 806) The record also shows that the parties listed on the Rule 2002 list were simultaneously served. The last three omnibus objections were filed after the Plan confirmation. Notice of the third omnibus objection to claims (Doc. # 997), the objection subject to the present motion, was served on the claimants only. (Doc. # # 1096, 1487) It was not served on the parties listed on the Rule 2002 list. Thereafter, Debtor served notices of subsequent omnibus objections on the parties listed on the Rule 2002 list. Accordingly, notices of the fourth and fifth omnibus objections to claims (Doc. # # 1328, 1377) were simultaneously served on the claimants as well as the parties listed on the Rule 2002 list. (Doc. # 1338, 1355, 1378).

5. In this Chapter 11 case as well as numerous other Chapter 11 cases pending in this court, counsel often refer to and identify the "2002 mailing list." As applied to the case before me

Despite the oversight, one of the partner's associates (the "associate") obtained a copy of the Objection prior to the December 10, 1996 hearing date. On November 25, 1996, the associate was contacted by a new client, Kissell Company ("Kissell"), which had filed a proof of claim against Debtor. (May 19, 1997 Tr. 54) The associate was told that Debtor had objected to Kissell's claim in the Objection and he was asked to represent Kissell on that matter. On the same day, the associate received from Kissell, by facsimile, portions of a copy of the Objection, including one page of an exhibit on which Kissell's claim was identified as being objected to by Debtor. (May 19, 1997 Tr. 54–55, 66) The following day, in connection with his representation of Kissell, the associate requested and received a complete copy of the Objection from Debtor's local counsel. (May 19, 1997 Tr. 55, 59)

By the Objection, Debtor sought to disallow and expunge approximately 370 claims on the ground that it had no record of liability. (Doc. # 997, Ex. B) CDC's and Kissell's claims were among them.[6] According to the associate, however, when he reviewed the Objection, he did not realize that Debtor was seeking to disallow the CDC claim on the same ground that it was seeking to disallow the Kissell claim. He was not looking for a listing of the CDC claim, nor did he see it listed on Exhibit B when he examined the copy. (May 19, 1997 Tr. 66) Exhibit B is a 37 page document and Kissell is listed on page 24 while CDC is listed on page 4.

According to the associate, he had no reason to know that Debtor was seeking to expunge the CDC claim since the partner was responsible for the CDC matter. (May 19, 1997 Tr. 52, 65) Although the associate knew that his firm was representing CDC in this Chapter 11 case and although he was involved in the firm's CDC representation once or twice, he had no reason to examine the Objection more carefully to see whether Debtor was seeking to disallow CDC's claim as well since he had no involvement in CDC matter since early 1996. (May 19, 1997 Tr. 61, 88–89)

The partner was on leave when the associate received the copy of the Objection and during that time it was the associate's responsibility to review all of the bankruptcy pleadings received by the firm. However, the absence of the partner did not prompt him to pay any more attention to the Objection since the filing date of the Objection was November 7, 1996, almost two weeks before the partner went on leave and he believed that any filing received by the partner would have been appropriately addressed had it had any bearing on the CDC claim. (May 19, 1997 Tr. 62–66) Accordingly, since Debtor filed the Objection before the partner went on leave, the associate had no reason to review the Objection with an eye toward the CDC claim.

The associate's testimony was supported by the partner who testified that she is the one who has been responsible for the firm's CDC representation. (May 19, 1997 Tr. 71)

CDC failed to respond to the Objection and failed to appear at the December 10, 1996 hearing. As to its failure to respond to the Objection, CDC explained that in October and November 1996, it was undergoing a

---

and perhaps many others, this is a misnomer. Many notices of appearance filed by counsel in Chapter 11 cases are not limited to notices pursuant to Rule 2002(g) but refer to Rule 9010 as well. As demonstrated by the discussion which follows, the notice pursuant to Rule 9010 has quite different implications than a notice pursuant to Rule 2002(g). In any event; as demonstrated by the discussion set forth herein, the notice filed by CDC's counsel cannot be labeled simply as a Rule 2002 notice.

6. The Objection, a 70 page document, is a complex document, comprising 10 sub-documents: a 2 page notice of objection, an 8 page main text, and 8 exhibits, Exhibits A through H. (Doc.

# 997) The names of the claimants whose claims were sought to be disallowed are not set forth in the notice nor in the main text of the objection. They are alphabetically listed in the exhibits, which exhibits are categorized by the grounds upon which Debtor sought expungement. Thus, the reader has to review each exhibit to see whose claims are the subject of the Objection. For instance, in order to determine whether Debtor was seeking to expunge CDC's and Kissell's claims, one must locate them in Exhibit B, a 37 page document. Then, in order to understand on what ground Debtor was seeking to disallow their claims and to determine whether or how to respond to the Objection, one must go back to the main text and read the text relating to those claims.

change in management personnel. Donald Brownstein, the person at CDC responsible for the CDC claim against Debtor, terminated his employment at about the time the Objection was served. (June 30, 1997 Tr. 30) Brook Payner, who assumed Brownstein's responsibilities at CDC, testified that neither he nor his company has any record of receiving the Objection. (June 30, 1997 Tr. 36–39)

On December 10, 1996, this court entered the order disallowing the CDC claim.[7] But, it was not until sometime in late January 1997 that the partner learned that CDC's claim had been expunged. The partner immediately contacted Debtor's local counsel to determine how this turn of events came about. (May 19, 1997 Tr. 76, 78–79) On April 16, 1997, CDC filed an amended proof of claim, monetizing its claim at over $31 million, and on April 30, 1997 CDC filed its motion for reconsideration of the Order.[8]

CDC explained that it did not file the present motion any earlier because, based on the partner's discussions with Debtor's local counsel, it understood that Debtor preferred to resolve the matter consensually and that any time passage resulting from settlement negotiations would not be held against CDC. (May 19, 1997 Tr. 81–82) However, with the exception of a handful of conversations which took place between the lawyers, no serious negotiations appear to have taken place. During that period of time, Debtor's counsel repeatedly requested the partner to produce a number for the claim so that meaningful negotiations could take place. CDC offered no justification for its failure to timely respond to those requests.

The subject motion came on for consideration by the court over a period of three months, resulted in three hearings, two of them being evidentiary, and the submission of five separate memoranda by the parties. As a result, the positions and arguments of the parties shifted somewhat during the course of the proceeding.

In support of its motion, CDC argues that its counsel, who filed the Notice of Appearance and Request for Service of Papers pursuant to Rules 2002(g) and 9010(b), was entitled to a notice of the Objection and that Debtor's failure to send counsel a copy of the Objection was a violation of Rule 9010 and Rule 4.2 of the Model Rules of Professional Conduct ("MRPC"), made applicable in this jurisdiction pursuant to D. Del. L.R. 83.6(d)(2).[9] Accordingly, CDC concludes that such a violation mandates a vacating of the Order.

Additionally, CDC claims that it is also entitled to relief from the Order under the rubric of excusable neglect.

In response, Debtor's initial position was that it had no obligation to send a copy of the Objection to CDC's counsel because a provision of Debtor's confirmed Plan excused it from that obligation. (Doc. #1459 at 9) According to Debtor, since section 10.12 of the Plan "provides that notice to claims holders may be sent to the claimant *or* its attorney," its service of the Objection to CDC alone was adequate. (Doc. #1459 at 9) (emphasis added) However, Debtor later ceased pursuing this line of argument—presumably because of the apparent flaw in its analysis.[10]

---

7. The Kissell claim, on the other hand, was consensually resolved. (May 19, 1997 Tr. 60) On November 27, 1997, the associate contacted Debtor's local counsel and requested an extension of time to file a response to Debtor's objection to the Kissell claim. Debtor agreed. (May 19, 1997 Tr. 57) Thereafter, the hearing concerning Debtor's objection to Kissell's claim was adjourned several times until the matter was settled in April 1997. (May 19, 1997 Tr. 60)

8. Although we have not reached the merits of CDC's claim, Debtor asserts that if any claim is allowed it will be in an amount which is only a small fraction of the $31 million.

9. Rule 9010(b) provides as follows:

An attorney appearing for a party in a case under the Code shall file a notice of appearance with the attorney's name, office address and telephone number, unless the attorney's appearance is otherwise noted in the record. Rule 9010 (b).
Rule 4.2 of MRPC provides as follows:
In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so. MRPC 4.2.

10. Section 10.12 of the Plan, in pertinent part, provides as follows:

Then in response to CDC's contention that its counsel did not receive notice pursuant to Rule 2002, Debtor claimed that it did. At the April 30, 1997 hearing, Debtor argued that CDC's counsel was properly served and that Rule 2002(g) was fully satisfied when the associate obtained a copy of the Objection on November 26, 1996, 14 days prior to the hearing. (April 30, 1997 Tr. 33–36) According to Debtor, the requests for service in CDC's proof of claim and its notice of appearance were fully accommodated when Debtor's counsel hand delivered a copy of the Objection to the associate. (April 30, 1997 Tr. 33) Regardless of how and why the associate obtained the copy, Debtor contends that his physical act of obtaining the copy satisfied the request for service made by the partner pursuant to Rules 2002(g). (Doc. # 1518 at 9–10; Doc. # 1562 at 5)

Debtor now argues that Rule 2002(g) is irrelevant to the subject motion since service of an objection to a claim is not governed by Rule 2002, but by Rule 3007.[11] (May 19, 1997 Tr. 33–35) Debtor correctly points out that a notice filing under Rule 2002(g) is only with respect to the notices "mailed under this Rule." *See* Rule 2002(g). The types of motions which are the subject of the notice requirement in Rule 2002 do not include an objection to a claim. An objection to a claim is governed by Rule 3007 and that Rule states that the mailing shall be delivered to the claimant, the debtor or the debtor in

> On and after the Effective Date, *all notices, requests and distributions with respect to this Plan* to a holder of a Claim ... shall be in writing and sent to (a) the last known address of such entity set forth in a proof of Claim ... filed by or on behalf of such entity in the LMUSA Reorganization Case *or* to the last known address of such entity's attorney of record in the LMUSA Reorganization Case....
>
> (Doc. 675) (emphasis added) Since notice of the Objection can hardly be construed as a notice "with respect to" Debtor's Plan, I find this Plan provision to be not relevant to the claims objection procedure.

**11.** Rule 3007, in pertinent part, provides as follows:

> An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing.

possession and the trustee. Thus, Debtor's present position is that under Rule 3007, mailing a copy of the Objection to CDC is all that was required and it had no obligation to send another copy to CDC's counsel, whether or not counsel had made requests for service pursuant to Rules 2002(g) or 9010.[12] (May 19, 1997 Tr. 36)

Debtor also contends that CDC's own failure to respond to the Objection was inexcusable since CDC is a sophisticated creditor and when it was timely served with the Objection, CDC should have notified its counsel and sought counsel's advice. Accordingly, Debtor concludes that regardless of its failure to serve CDC's counsel with the Objection, CDC's inaction with respect to the Objection warrants a denial of any relief from the Order.

## DISCUSSION

 A bankruptcy court's authority to reconsider its previous order disallowing and expunging a claim is found in 11 U.S.C. § 502(j) and Rule 3008.[13] Pursuant to § 502(j), a disallowed claim may be reconsidered for cause. *See* § 502(j).[14] The term 'cause' is not defined in § 502(j) and thus, the application and interpretation of its meaning is "a matter of judicial construction." *See In re Yagow*, 62 B.R. 73, 78 (Bankr.D.N.D.1986)

Rule 3007.

**12.** Although Debtor pursues the Rule 3007 argument with vigor, as the above recitation of facts makes clear, Debtor arrived at that position well into the proceeding on this matter. The Rule 3007 position was raised by Debtor in the third round of the debate on this matter. Given that the failure to serve the Objection on CDC's counsel was an oversight, it is clear that Rule 3007 was not the basis for an intentional decision by Debtor not to serve CDC's counsel.

**13.** References to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* are hereinafter cited as " § ——."

**14.** Section 502(j), in pertinent part, provides as follows:

> A claim that has been ... disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case.
> § 502(j).

(citing *Shaw v. Easter (In re Shaw)*, 25 B.R. 418, 421 (Bankr.S.D.Ohio 1982)).

Rule 3008 provides the means for seeking reconsideration as follows:

> A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order.

*See* Rule 3008. Additional guidelines are also found in Rule 60(b) of Federal Rules of Civil Procedure made applicable to bankruptcy cases by Rule 9024.[15] *See Property Damage Claimants Identified on Exhibit "A" v. H.K. Porter Co., Inc. (In re H.K. Porter Co., Inc.)*, 156 B.R. 149, 150 (Bankr.W.D.Pa.1993).

CDC argues that there are two separate bases that would warrant this Court to reconsider the December 10, 1996 order: (1) Debtor's failure to provide CDC's counsel with notice of the Objection despite counsel's specific requests that she be served with such a notice, and (2) CDC's failure to timely respond to the objection was the result of excusable neglect.

## 1. Failure to Notify CDC Counsel.

The subject motion deals with a question which I do not find addressed in the reported cases, namely, whether a debtor, when it seeks to disallow and expunge a proof of claim pursuant to Rule 3007, is required to notify the claimant's counsel who has filed a notice of appearance and request for service of papers pursuant to Rule 9010. My analysis of the bankruptcy rules leads me to conclude that the debtor cannot ignore the rights of the creditor which arise out of the notice of appearance and request for service filed pursuant to Rule 9010.

■ "The procedure for filing objections to the allowance of claims is established in part by Fed. R. Bankr.P. 3007." *United States v. Levoy (In re Levoy)*, 182 B.R. 827, 833 (9th Cir. BAP 1995). The objection must be in writing and filed with the bankruptcy court, and a copy of the objection must be mailed or otherwise delivered to the claimant. *See* Rule 3007. As a bankruptcy appellate panel has recently noted, Rule 3007 does not provide the manner for service of the objection to a proof of claim. *See Levoy*, 182 B.R. at 833.

■ "Most authorities agree that claim objections are contested matters." *Id.* at 834. *See also United States v. Oxylance Corp.*, 115 B.R. 380, 380 (N.D.Ga.1990); 9 Collier On Bankruptcy, ¶ 3007.01[1] (Lawrence D. King ed., 15th ed.1997). *Cf.* Advisory Committee Note accompanying Rule 3006 (1983) (providing that "[t]he filing of a claim does not commence an adversary proceeding but the filing of an objection to the claim initiates a contest that must be disposed of by the court"). Thus, as a contested matter, Rule 9014 applies to objections to claims.[16] *See* Advisory Committee Note accompanying Rule 3007 (providing that "[t]he contested matter initiated by an objection to a claim is governed by rule 9014"). Rule 9014, in turn, makes applicable Rule 7004.[17] In short,

---

**15.** Rule 9024, in pertinent part, provides as follows:

Rule 60 F.R.Civ.P. applies in cases under the Code except that (1) a motion ... for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(b)....

Rule 9024. Rule 60(b) of Federal Rules of Civil Procedure, in pertinent part, provides as follows:

On motion and upon such terns as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect....

Fed.R.Civ.P. 60(b).

**16.** Rule 9014, in pertinent part, provides as follows:

> In a contested matter in a case under the Code not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought.... The motion shall be served in the manner provided for service of a summons and complaint by Rule 7004....

Rule 9014.

**17.** Rule 7004(b), in pertinent part, provides as follows:

> service may be made ... [u]pon a domestic ... corporation ... by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive

these bankruptcy rules require service of a claim objection be made on corporate claimants.

Relying on these three rule provisions, Debtor contends that it had no obligation to communicate with CDC's counsel concerning the Objection, let alone serve counsel with a copy of the Objection. According to Debtor, had the rule makers intended to require service on an attorney appearing on behalf of a corporate party, they would have expressly provided so, as they did when they amended Rule 7004 in 1994 to require service on insured depository institutions be effected on their counsel, if any has appeared.[18] (Doc. # 1562 at 12) (citing Rule 7004(h)(1)) Since no similar provision was enacted with respect to a corporate party, Debtor concludes that the rule makers intended that counsel representing corporations need not be served, even if counsel filed a notice of appearance and made requests that counsel be served with papers. I disagree with Debtor because I believe the inquiry should not end with these three rule provisions.

■ Rule 7004(b)(9) requires that a debtor and its counsel be simultaneously served if the debtor is represented by counsel.[19] Needless to say, such a requirement is quite imperative, especially in large chapter 11 cases. This right to have its counsel served is obviously given to the debtor to insure the protection of its interests. Furthermore, this simultaneous service requirement is consistent with Rule 4.2 of MRPC, which prohibits a lawyer from communicating with a party the lawyer knows to be represented by another lawyer regarding the subject matter. *See* MRPC 4.2.

As Debtor correctly points out, Rule 7004 does not impose a similar requirement when service is made on a non-debtor corporate party, or even on an individual party. However, I do not view that the absence of such a provision in Rule 7004 warrants a conclusion that the rule makers intended that no such service on counsel would ever be required. On the contrary, I read Rule 9010 to suggest the opposite.

In a bankruptcy case, a party in interest may appear in the case and act on its own behalf *or* it may appear in a case by an attorney and have the attorney act on its behalf in the case. *See* Rule 9010(a).[20] When an attorney appears on behalf of the client, Rule 9010(b) requires the attorney to file "a notice of appearance with the attorney's name, office address and telephone number." *See* Rule 9010(b). It is obvious that when the rule makers prescribed Rule 9010(b), they must have intended that such an address and phone number be used for the purpose of communication. No other reason compels such a specific requirement.

Rule 9010 obviously contemplates that where one has a substantial claim, the retention of an experienced bankruptcy attorney and the reliance on that attorney's knowledge and expertise is a prudent (if not essential) course of action to protect one's interest. Although made in a different context (i.e., the need for an unsecured creditors committee to

---

service and the statute so requires, by also mailing a copy to the defendant.
Rule 7004(b)(3)

18. Rule 7004(h), in pertinent part, provides as follows:

Service on an insured depository institution ... in a contested matter or adversary proceeding shall be made by certified mail addressed to an officer of the institution unless [ ]the institution has appeared by its attorney, in which case the attorney shall be served by first-class mail[.]
Rule 7004(h)(1).

19. Rule 7004(b)(9) provides that service on the debtor shall be made by

mailing a copy of the summons and complaint to the debtor at the address shown in the petition or statement of affairs or to such *other*

*address as the debtor may designate in filed writing and if the debtor is represented by an attorneys to the attorney at the attorney's post-office address.*
Rule 7004(b)(9) (emphasis added).

20. Rule 9010(a) provides as follows:

A debtor, creditor, equity security holder, indenture trustee, committee or other party may (1) appear in a case under the Code and act either in the entity's own behalf or by an attorney authorized to practice in the court, and (2) perform any act not constituting the practice of law, by an authorized agent, attorney in fact, or proxy.
Rule 9010(a).

be represented by counsel), I believe the court's characterization in *Committee of Unsecured Creditors v. Liantonio (In re Standard Steel Sections, Inc.)*, 200 B.R. 511, 513 (S.D.N.Y.1996) of "the complex and arcane legal proceedings that attend virtually every bankruptcy" is quite apropos here. CDC obviously recognized the need for experienced bankruptcy counsel and retained counsel at the outset of this Chapter 11 case.

Where a creditor with a substantial claim elects to have its attorney act in its stead pursuant to Rule 9010, then it seems to me that the creditor should be accorded the same right that the debtor has by reason of Rule 7004(b)(9). In other words, Rule 9010 can be read as the creditor's counterpart to the debtor's Rule 7004(b)(9) right. The filing of a notice of appearance and request for service pursuant to Rule 9010 should be deemed, at least for purposes of claims objections, to trigger the same right for a creditor that the debtor obtains at the outset of the case by Rule 7004(b)(9). In the matter before me, this conclusion is buttressed by the fact that in filing its proof of claim, CDC specifically requested on the first page of the proof of claim that notices with respect to the proof of claim be sent to both CDC and its counsel. Moreover, such an interpretation is consistent with Rule 4.2 of MRPC.

Consequently, I do not subscribe to Debtor's view that the wording of Rule 3007 and Rule 7004 is the end of the inquiry. That approach effectively nullifies Rule 9010(a) and (b) as it relates to a critical aspect of a bankruptcy case—the disposition of claims.[21]

I believe my view of the import of Rule 9010(a) and (b) is consistent with the general scheme of procedural due process safeguards contemplated by Congress for claim objection proceedings. Section 502(b) provides in pertinent part:

> if [an] objection to a claim is made, the court, *after notice and a hearing*, shall determine the amount of such claim ... and shall allow such claim. . . .

§ 502(b)(emphasis added). The term "after notice and a hearing" means

> after such notice *as is appropriate in the particular circumstances,* and such opportunity for a hearing as is appropriate in the particular circumstances[.]

§ 102(1)(A) (emphasis added). In determining what constitutes "appropriate" notice under § 102(1), I am guided by "fundamental notions of procedural due process." *Western Auto Supply Co. v. Savage Arms, Inc. (In re Savage Indus., Inc.)*, 43 F.3d 714, 721 (1st Cir.1994). As the Supreme Court held, due process requires notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). Given the circumstances involved here, I believe the appropriate notice is that which also goes to counsel who has specifically requested it pursuant to a rule designed to afford a party effective assistance of counsel.

Debtor further contends that Rule 5 of Federal Rules of Civil Procedure, made applicable to bankruptcy cases by Rule 7005, supports its conclusion that service on counsel representing a claimant was never intended by the rule makers. Debtor claims that:

> Bankruptcy Rule 7005 provides that service of all pleadings "subsequent to the original complaint" in a adversary proceeding shall be made upon a party's attorney if it is represented by counsel. *See* Bankruptcy Rule 7005(a), (b). By expressly carving out the service of the complaint from the rule that all other pleadings must be served on counsel, Congress made it clear that service of such initial pleading (here, the Objection) is properly made on the party itself.

(Doc. # 1562 at 12) I disagree with Debtor since I find Rule 7005 not inconsistent with

---

**21.** In a non-bankruptcy context, a court of appeals has also recognized the importance of simultaneous service of legal papers on attorneys. *See Graham v. United States*, 96 F.3d 446, 448 (9th Cir.1996) (holding that where party is known to be represented by counsel, legal papers must be served on that party's counsel even though applicable statute does not require it). For my detailed discussion of the applicability of the *Graham* case to a related notice to counsel issue in a bankruptcy context see *In re Grand Union Co.*, 204 B.R. 864 (Bankr.D.Del.1997).

my view of the procedure relating to the disposition of claims.

In a conventional adversary proceeding, a plaintiff initiates the proceeding by filing and serving a complaint, seeking one or more forms of relief enumerated in Rule 7001. *See* Rule 7001. At that stage of the proceeding, not unlike a non-bankruptcy civil action, the defendant may not have retained counsel or even anticipated the commencement of an action. Therefore, it is logical to have the initial pleading served on the defendant only. Of course, all subsequent pleadings are required to be served on attorneys representing the parties. *See* Rule 7005(a) and (b).

On the other hand, a claim objection proceeding (often in the form of an omnibus objection to claims) is fundamentally different from a conventional adversary proceeding in that the objection is, in essence, a responsive pleading—the proceeding having been initiated by the filing of a proof of claim, not by the filing of the objection. Thus, the objection may be viewed as an answer to the proof of claim.[22] In that context, consistent with Rule 7005(b), service would appropriately be made on counsel who has entered the appearance for the creditor.

Furthermore, it is obvious that even the filing of the proof of claim is not the beginning of a bankruptcy case. Unlike a defendant, in a conventional civil action, if the claim is a substantial one, such as the case here, the debtor is often put on notice that the claimant is represented by counsel before the proof of claim is filed or an objection thereto is filed. Therefore, although an objection to a claim, as a contested matter, is technically governed by Rules 3007 and 7004, there is no compelling reason to treat it as an original complaint. Rather, because of the different nature of the proceeding, an omnibus objection to claims, for the purpose determining the manner by which it should be served, ought to be governed not just by Rules 3007 and Rule 7004, but also by Rule 9010, requiring service on both the claimant and the appearing counsel.

In summary, I find that Debtor's failure to serve CDC's counsel with the Objection constitutes a denial of the procedural due process right embodied in Rule 9010(a) and (b). This failure to afford CDC the right which logically emanates from the application of Rule 9010 warrants a vacating of the Order and reinstatement of CDC's proof of claim. *See Levoy,* 182 B.R. at 833 (holding that "judgment is void when it is found that there has been defective service of process that is inconsistent with due process of law").[23] *Cf. Oxylance,* 115 B.R. at 380–81 (disagreeing and reversing bankruptcy court order disallowing IRS claim since notice of objection to IRS claim was not served on the local United State Attorney and the Attorney General of the United States as required by Rule 7004(b)(4), (5)).

In its final written submission on the matter, although Debtor appears to rely solely upon its Rule 3007 argument, it continues to argue that the associate's receipt of the Objection constitutes proper notice on CDC's counsel.[24] Presumably, since Debtor argued

---

**22.** My view on this matter is not unprecedented. *See Simmons v. Savell (In re Simmons),* 765 F.2d 547, 552 (5th Cir.1985) (noting that "[i]t has been said that the filing of a proof of claim is tantamount to the filing of a complaint in a civil action ... and the trustee's formal objection to the claim, the answer") (citation omitted).

**23.** Debtor argues that *Levoy* supports its conclusion. I disagree. *Levoy* is inapposite. There, the appellate panel held that Rule 7004 governs the manner by which service of a claim objection is made. *See Levoy,* 182 B.R. at 834. The panel, citing Rule 7004(b)(4), also held that a notice of an objection to IRS claims must be mailed to the Attorney General of the United States in Washington, D.C. and to the office of the local United States Attorney. *See id.* at 834–45. The panel, however, was not faced with the issue before

me—whether counsel representing a claimant should be served with a claim objection—since attorneys representing IRS (i.e., the Attorney General and the United States Attorney) were timely served with notice of its objection pursuant to Rule 7004(b)(4). The issue there was whether notice was constitutionally adequate where the street address and zip code were not included on the mailing to the Attorney General of the United States, which was answered affirmative. *See id.*

**24.** Debtor asserts that when the associate received the copy of the Objection in connection with the Kissell claim, his physical receipt of the copy constituted adequate service of Debtor's objection to CDC claim. (Doc. # 1562 at 5) (claiming that "service of process is SOLELY a matter of delivering a pleading, and is wholly

at the May 19, 1997 hearing that Rule 2002 is irrelevant, Debtor's position regarding the associate's receipt of the Objection is now posited in the context of Rule 3007. That being the case, the associate's receipt of the Objection—and the imputed knowledge as argued by Debtor—does not help Debtor's cause. The Objection was filed and served on November 7, 1996 with respect to the hearing scheduled for December 10, 1996. The associate received a copy of the Objection from Debtor's counsel on November 26, 1996. Rule 3007 requires delivery of the objection "at least 30 days prior to the hearing." Thus, any such notice to the associate fell substantially short of the 30 day period and therefore was not in compliance with the Rule.

## 2. Excusable Neglect.

Since I find in favor of CDC on the basis of the failure of Debtor to accord CDC its right to have notice served on its counsel pursuant to Rule 9010, it is not necessary to address the second basis for CDC's motion, namely, CDC's alleged excusable neglect.

independent of what the recipient is focusing on after delivery is made") (emphasis original).

Given the facts involved here, I do not subscribe to such a form over substance argument.